No. 2,199.

THOMAS M. GREER, APPELLANT, *v.* MARTHA J. BLANCHAR, *et al*, RESPONDENTS.

JOINT TENANCY—A conveyance to a trustee for the use and benefit of two or more persons, made prior to the passage of the amendatory Act of April 27, 1855, concerning conveyances, vests the equitable estate in the *cestui que trust* as joint tenants.

CONVEYANCE.—"PURCHASE."—The word "purchase" includes every mode of acquiring an estate except by inheritance.

RIGHT of Survivorship—There is nothing in the amendatory Act of April 27, 1855, showing that it was intended to have a retrospective operation; and if such were the intention, the Legislature had not competent authority to give such an effect to the statute as would deprive joint tenants of one of the essential elements of their tenure, the right of survivorship.

APPEAL from the District Court of the Twelfth District, City and County of San Francisco.

The complaint alleges that, in 1853, John Griffin conveyed certain real property to Martha J. Blanchar with the consent of her husband, J. D. Blanchar, in trust for the use and benefit of Harriet M. Risley, and S. Risley, who were minors. In 1862, plaintiff was married to Harriet M. Risley, who bore him one child, and died the following year. The child died two years later.

Plaintiff, as the sole heir of his child, claims that whatever right Harriet M. Greer *nee* Risley had in the trust estate now belongs to him, and prays judgment that the defendants Martha J. Blanchar and J. D. Blanchar be ordered to convey the premises to plaintiff and S. Risley, and that they make an accounting of the rents and profits of the premises, and, when ascertained, that they be ordered to pay over to plaintiff one half of the same. Defendants demurred to the complaint, among others, on the general ground that it does not state facts sufficient to constitute a cause of action.

The demurrer was sustained by the Court, on the ground that by the deeds from Griffin to Martha J. Blanchar in trust for Harriet M. and S. Risley they, the *cestui que trust*, became joint tenants of the premises, and the plaintiff as heir of Harriet M. Risley or his child had no interest in the same. The plaintiff not being able to amend his complaint in that respect, judgment on demurrer was rendered against him; from which judgment he appeals.

*S. Rosenbaum*, for Appellant.

*First*—Section First of the Act of April 27th, 1855, provides: "Every interest in real estate granted or devised to two or more persons, other than executors and trustees, as such, shall be a tenancy in common, unless expressly declared in the grant or devise, to be a joint tenancy." (Hittell's General Law, p. 107.) The language of this Act is very clear; it does not say to be granted, but granted; and necessarily includes premises granted, as well as to be granted.

Was the right of ownership which each joint tenant had in the premises, a vested right, which the Legislature had no right to take away? We contend that no such right existed until the demise of one of the co-tenants, for each of the co-tenants had a perfect right to sell her interest in the premises, and thereby destroy such joint tenancy. No one will contend that a wife has a right of dower in the estate of her husband, or a husband that of tenant by courtesy in the estate of his wife, in this State, on the ground that the same was acquired before the passage of the law abolishing said right. Joint tenancies are not favored under our system. (*Bowen* v. *May*, 12 Cal. 351.)

We also contend that there is nothing in the complaint to show that the said Harriet M. and S. Risley were joint tenants. "Joint tenancy cannot arise by descent or act of law, but merely by purchase or acquisition by the act of the party." (Smith on Real and Personal Property, 171; also 2 Blackstone, 181.) It does not appear from the complaint that the land was purchased by the Risleys, and, they both were minors, from six to nine years of age, it is not probable that the same was purchased by them.

*Wm. Wirt Pendegast,* for Respondents.

The question is whether the interest of the two Risleys in the property was such an estate as may, or under the old system might, be held in joint tenancy.

The attorney for the appellant claims in his brief that it was not, but he fails to produce any authority. Washburn in his work on Real Property, (Vol. 1, page 421) adopting the language of the old writers, defines joint tenancy to be "where several persons have *any subject of property* jointly between them in equal shares by purchase." That the Risleys held an equitable estate in the premises will not be denied. That such an estate is a "subject of property" is certain, and we fail to see why it is not capable of being held in joint tenancy, governed by and subject to all the rules thereof. The estate held by the Risleys in this case was the only one of importance or value. It was decided

in *Griffin* v. *Blanchar*, (17 Cal. 70), that Mrs. Blanchar held only as the trustee of a dry and naked trust, her power over the land being insufficient to charge it with a mortgage. The girls took the only estate in the land of real life and value. They took by deed of purchase, by the same title; they took the same interest, at the same time, and held it by the same possession; and it is hard to conceive why as to that "subject of property," why as to that estate, they did not become joint tenants. Their joint tenancy having been established in 1853 was not disturbed by the Act of 1855. (1 Hittell, Sec. 685.) The statute expressly refers to deeds to be executed in the future, and it has been decided it does not interfere with any of the incidents of an estate in joint tenancy already existing. *(Dewey* v. *Lambier*, 7 Cal. 347.)

If these views are correct, when Harriet M. Risley died her interest passed to her sister, S. Risley, who, as the complaint shows, survived her and is still living, and neither her child nor the plaintiff took interest therein

RHODES, C. J., delivered the opinion of the Court:

The property in controversy is alleged to have been conveyed in the year 1853 to a trustee "in trust for the use and benefit of Harriet M. Risley and S. Risley." By means of that conveyance, the equitable estate in the premises was vested in the Risleys, as joint tenants.

It is objected that they did not become joint tenants, because they did not come to the estate by purchase. It is not alleged that they acquired the estate by inheritance, but it is alleged that it was conveyed to them. Purchase includes every mode of coming to an estate, except inheritance.

It is also contended that the Act of April 27, 1855, which provides that "every interest in real estate, granted or devised to two or more persons, other than executors and trustees as such, shall be a tenancy in common, unless expressly declared in the grant or devise to be a joint tenancy," changed the rule, and converted existing joint tenan-

cies, which were not expressly declared to be such, in the grant or devise by which they were created, into tenancies in common. There is nothing in the statute showing that it was intended that it should have a retrospective operation; and, if such were the intention, the Legislature had not competent authority to give such an effect to the statute, as would deprive joint tenants of one of the essential elements of their tenure—the right of survivorship.

Judgment affirmed.