## Oscar Jones v. Allen G. Wells and another.

*Purchase of lands: Contract: Ambiguity: Payment of back taxes.* A contract for the purchase of lands, which provides for the payment by the purchaser of a stipulated price, and that he shall also "well and faithfully in due season pay or cause to be paid all taxes and assessments," etc., "upon the said premises," etc., is ambiguous as to whether it does not throw upon the purchaser the duty to pay back taxes then known to be a lien upon the lands: the words "all taxes," etc., "upon the said premises," being as applicable to taxes then existing, as to future taxes, and the requirement to pay in due season possibly meaning in season to prevent the land being sold for taxes.

*Contracts: Ambiguity: Conflict of evidence: Bill in equity: Proofs.* Where the parol evidence of the understanding of the parties at the time, as to the precise terms of a contract which is worded ambiguously, is conflicting and leaves the matter involved in uncertainty on all sides, the case is one for the application with some strictness of the rule which requires the complainant to prove the case made out by his bill.

JONES *v.* WELLS.

*Equity pleading and practice: Bill of complaint: Proofs: Payment of taxes for another's benefit: Outstanding tax title.* A bill which sets out a case of the payment, to save the land from being sold, of a back tax which it was the duty of the defendant to pay under his contract for the sale of the land to complainant, and which asks to have the amount applied as a payment on such contract, is not strictly supported by proofs that the land was actually sold for the tax and purchased in his own name by another, who paid the purchase money, but orally agreed to hold in trust for the complainant; this was neither a payment by complainant, nor was it made for the benefit of the defendant.

*Equity pleading and practice: Proofs: Case made by the bill: Offer to fit the decree to the proofs.* Where at the time of filing the bill, which demanded relief on the ground of the payment of a tax by complainant for defendant's benefit, there was actually an outstanding title based upon this tax, which the holder at his option might rely upon as cutting off all the rights of defendant in the premises, an offer to give defendant the benefit of such tax purchase, in the decree, is but an offer to fit the decree to a case not made by the bill, and will not relieve the complainant from the application of the rule requiring him to prove the case made by his bill.

*Heard October 29. Decided January 19.*

Appeal in Chancery from Lenawee Circuit.

*Walker & Weaver,* and *A. L. Millard,* for complainant.

*C. A. & S. C. Stacy,* and *William A. Underwood,* for defendants.

COOLEY, J.

This record shows that Wells sold Jones a piece of land by executory contract dated April 10, 1866, Jones agreeing to pay one thousand three hundred dollars in four annual payments of three hundred and twenty-five dollars each, with interest, and also "well and faithfully in due season pay or cause to be paid all taxes and assessments, ordinary and extraordinary, for any purpose whatever, upon the said premises or appurtenances." The controversy arises upon this clause of the contract, and relates to a tax which was then overdue and unpaid, and which Wells insists it was verbally agreed Jones should pay, allowance being made to him for the payment in fixing the purchase price at the sum named in the contract, which was less than he otherwise would have sold for. The contract did not in express terms give Jones possession, but it evidently contemplated

that he should take it, and it was agreed that in case of default on his part in making payments, he should be considered and might be proceeded against as a tenant at will, and that in such case he should "pay or cause to be paid all taxes and assessments, ordinary and extraordinary, which may be laid or assessed on said premises, or any part thereof, during the continuance of such tenancy." By another clause it was provided that when Jones had performed on his part, Wells should convey the title in fee simple, free of all encumbrances.

Jones, denying that he ever agreed to pay the back taxes, avers in his bill, that on the sixth day of October, 1866, he did pay them to save the land from being sold therefor, and he claims in this suit to be allowed such payment as a part of the purchase price, and he prays to have the land conveyed to him "by a conveyance and perfect title."

We must say that an examination of the contract does not make it very clear to our minds, that its proper construction would not make it the duty of Jones to pay back taxes then known to be a lien upon the lands. The stipulation regarding taxes may well be considered equivocal. The words "all taxes and assessments" "upon the said premises," without any qualifying expressions, might possibly apply to taxes then existing, rather than to taxes that might subsequently be laid; and the requirement that payment should be made "in due season," would not very conclusively show a different understanding, as this might well be held to mean only that payment should be made in season to prevent the land being sold for taxes. Neither is the agreement on the part of Wells to convey the premises free from encumbrances very conclusive, for this must be read in connection with the stipulations on the part of Jones, and if by these the latter was to pay the back tax, the deed of Wells could only be demandable after the tax had been paid.

The oral evidence of the understanding between the parties is not more satisfactory on this point than the con-

tract itself. Their testimony is in direct conflict, but there is an admission by Jones, under oath, that in the fall of 1871, the amount owing by him was found, on looking over with Wells, to be in the neighborhood of six hundred dollars, which is considerably more than could have been owing by him at that time if the tax was allowed him, though less than the sum claimed by Wells in his testimony. The oral evidence, therefore, if we were to treat it as all admissible,— which is a point we do not decide,—would still leave us in no little uncertainty regarding the precise terms of the agreement.

Under these circumstances, we are inclined to adhere with some strictness to the rule which requires the complainant to prove the case he makes by his bill. The case made here is of a payment of the back tax, which complainant insists should be applied on his contract as paid to the use of Wells to save the land from being sold. The evidence shows no such case. On the contrary, it appears the land was actually sold for the tax and bid in by Charles M. Croswell, but was by him afterwards allowed to be entered on the books as sold to William P. Jones, the latter paying the purchase money, either to Mr. Croswell or to the county treasurer. The only way in which complainant connects himself with this transaction is by his evidence that the purchase in the name of William P. Jones was really made for him. At first he stated that the bid was paid with his own money, and entered in the name of William P. Jones, who was his brother, by mistake; but being called upon to state the transaction with more particularity, he said: "My brother was owing me money, and he paid the tax. I never knew any thing about tax titles, and when the land was sold for taxes it was put in his name, but it was paid for me." We have no reason to believe from complainant's testimony that there was any mistake in the transaction, and the most he can claim is, that the land was bought by his brother, to be held in trust for him. The brother is not sworn, and we do not know whether he would concede the facts to be as complainant

states them, but it is clear that the purchase gave complainant no legal rights as against the brother, and that the verbal trust, if any was understood or agreed upon, was void by the statute. William P. Jones is in position now, so far as this record shows, to insist and rely upon his tax title as cutting off the claims of all the parties to this suit. It is therefore impossible to consider his purchase of the tax title as a payment of the tax by complainant for the use and benefit of Wells. It was neither a payment by complainant, nor was it made for the benefit of Wells. Complainant offers to give Wells the benefit of it in his decree, but this is only an offer to fit the decree to a case not made by the bill. The fact remains, that at the time the bill was filed, which demanded relief on the ground of the payment of this tax by complainant for the benefit of Wells, there was actually an outstanding title based upon this tax, which the holder at his option might rely upon as cutting off all the rights of Wells in the premises.

We are of opinion that the decree should be reversed, and the bill dismissed, with costs of both courts.

The other Justices concurred.