[L. A. No. 1403. Department One.—January 21, 1904.]

W. H. HAY and D. A. VAN VRANKEN, Partners, Appellants, v. JOHN A. MASON, Respondent.

VENDOR AND PURCHASER—CONTRACT OF SALE—OPTION TO PURCHASE—EXCHANGE OF LAND—TENDER OF DEED—PRIOR WITHDRAWAL OF OPTION—ACTION FOR BREACH.—Under a contract for the sale of land, expressed to be for value received, and conferring an irrevocable option to purchase within fifteen days, and good thereafter until withdrawn, the consideration of which was in fact an oral agreement for the exchange of land, where it appears that the tender of the deed in exchange for the land described in the option was not made until after the lapse of the fifteen days, and until after notice of withdrawal of the option by the vendor, the proposed purchasers cannot thereafter maintain an action for damages for breach of such contract.

APPEAL from a judgment of the Superior Court of Los Angeles County and from an order denying a new trial. M. T. Allen, Judge.

The facts are stated in the opinion.

R. L. Horton, for Appellants.

Johnstone Jones, for Respondent.

COOPER, C.—This action was brought to recover damages for breach of contract to convey real estate. The case was tried before the court, findings filed, and judgment entered for defendant. This appeal is from the judgment and the order denying plaintiff's motion for a new trial.

On November 19, 1901, defendant executed and delivered to plaintiffs a writing, of which the following is a copy, to wit:— "OPTION TO TRADE.

"For value received I hereby agree to sell and convey to Hay & Van Vranken, or his assigns, by a good and sufficient deed of grant, bargain and sale, with the usual covenants free and clear of all liens and encumbrances, all of the following described property, to wit: being lot ten (10) of Embody and Lacy's Sub., of block nine (9) of East Los Angeles,

as per map recorded in Book five (5), page 586, Miscellaneous Records of said County and State. . . . This option to be irrevocable for fifteen (15) days and good thereafter until withdrawn.

"In witness whereof I have hereunto set my hand and seal this 19th day of November, 1901.

(Signed)    "JOHN A. MASON.

"Witness to signature, JOHN F. WHITE."

No money was paid to defendant, and no price in money was to be paid, but there was an oral agreement that the lot described in said writing should be conveyed .to plaintiffs in exchange for a lot fronting seventy feet on the west side of Main Street, and one hundred and forty-eight feet deep, just north of Thirtieth Street, the same being in the city of Los Angeles.

On January 4, 1902, the plaintiffs tendered to defendant a good and sufficient deed of grant, bargain, and sale describing the lot so orally agreed to be conveyed, and at the same time demanded of the defendant a proper conveyance of the property described in said writing, but defendant refused to accept the deed so tendered him or to convey the property described in the writing to the plaintiffs or to either of them.

If the option, or offer to convey, by defendant had been for a price named, although unilateral and signed by defendant only, it would have been binding upon him, if subsequently, and prior to its withdrawal by defendant, plaintiffs acted upon it and tendered the price to be paid. In such case the contract or offer, although not mutual when first signed by defendant, would have become so by the price being paid or tendered. Here, however, the consideration to be paid by plaintiffs was not money, but an exchange of lands. There was no agreement or memorandum of any kind signed by plaintiffs as to the land to be by them conveyed to the defendant. It is therefore evident that at no time prior to the making and tender of the deed by plaintiffs could either party have enforced specific performance of the contract. It may be conceded for the purposes of this case, without deciding, that where the consideration for a unilateral agreement in writing to convey land is the oral agreement to convey land in exchange, the same rule would apply after a tender of a

deed to the land so orally agreed to be conveyed, as in cases where the consideration is money. If we give the plaintiffs the full benefit of the rule, yet they cannot recover in this case. The option was by its terms irrevocable for fifteen days and good thereafter until withdrawn. The fifteen days expired on the fourth day of December, 1901. No deed was tendered during this time nor till January 4, 1902. The court found that defendant had prior to that time withdrawn his offer. The findings on this point are as follows:—

"That the defendant about the middle of December, 1901, informed the plaintiffs that he would not carry out the deal and withdrew and revoked said option of November 19; such withdrawal and revocation being after the expiration of fifteen days from said November 19, and prior to the tender made by plaintiffs on January 4, 1902.

"That early in December, 1901, the defendant gave notice to said John A. White that he refused to carry out the deal and withdrew the option, and said White notified the plaintiff Hay of defendant's refusal."

Plaintiffs contend that the above findings are not supported by the evidence, but we do not think the contention can be maintained.

Defendant testified: "I had a conversation about this deal in the first part or the middle of December. It was in front of their offices. Mr. Hay and Mr. White were present, and Van Vranken came in afterwards. I told them I did n't think the deal would go. I called it all off. . . . I made an examination of the Main-Street property with Mr. Cal Hunter. It was a week or two after the option was signed we examined the property. It was after that that I notified Hay and Van Vranken that I would n't sign the deed."

The witness White testified: "He [defendant] told me he did n't want to make the deal, on the basis he signed up on it. Did n't want to assume the mortgage. . . . I remember he told me that he called it off; . . . and after John [defendant] told me that he called off the deal, I communicated that fact to Hay and Van Vranken, and told them his reason for it was on account of the mortgage."

The witness Hunter testified: "I went into Mr. Hay's office

one day after Mason had declared the deal off, and he told me I had knocked him out of making a trade. That was about the 7th or 8th of December, I think."

The above testimony is sufficient to support the findings.

It is claimed that plaintiffs, being only agents for one Mullin in the exchange of the lands, and not being owners of the lands which were described in the deed afterwards tendered to defendant, cannot maintain the action for the purpose of getting their commission. It is unnecessary to decide this question. As the judgment must be affirmed, it becomes immaterial.

We advise that the judgment and order be affirmed.

Gray, C., and Smith, C., concurred.

For the reasons given in the foregoing opinion the judgment and order appealed from are affirmed.

Shaw, J., Angellotti, J., Van Dyke, J.