[Civ. No. 505. Second Appellate District.—June 20, 1908.]

ROBERT MARSH, Appellant, v. M. A. LOTT, Respondent.

SPECIFIC PERFORMANCE—OPTION TO PURCHASE—ADEQUACY OF CONSIDERATION—CONSTRUCTION OF CODE.—A mere option to purchase land within a time limited may be supported by any valuable consideration, however small, without reference to its adequacy. Section 3391 of the Civil Code, requiring an adequate consideration as a condition of specific performance of a contract to sell land, has sole reference to the adequacy of price for the land, and has no application to the consideration of the mere right to elect to purchase within a stipulated time.

ID.—SALE OF OPTION NOT A SALE OF LAND.—The sale of an option is not a sale of the land; but is as completely sold and transferred

*in praesenti* as is a piece of personal property instantly delivered on payment of the stipulated price.

ID.—NO STANDARD OF VALUE.—From the very nature of the case, no standard exists whereby to determine the adequate value of an option to purchase real estate.

ID.—NUDUM PACTUM—REVOCATION.—If the option is not supported by a consideration, it is a mere *nudum pactum,* and may be revoked at any time, notwithstanding a promise to the contrary.

ID.—CONSIDERATION FOR OPTION—EFFECT OF ACCEPTANCE WITHIN TIME LIMITED.—An option given by the owner of land for a valuable consideration, whether adequate or not, agreeing to sell it to another at a fixed price if accepted within a specified time, if so accepted, is binding upon the owner and all his successors in interest with knowledge thereof.

ID.—OPTION FOR CONSIDERATION IRREVOCABLE DURING TIME LIMITED.— An option to purchase land at a future time for a sufficient price, if given for any consideration, however small, is irrevocable before the expiration of such time; and equity will ignore any previously attempted revocation.

ID.—FINDING AGAINST EVIDENCE AS TO CONSIDERATION OF OPTION—IM-MATERIALITY.—*Held,* that a finding by the trial court that there was no adequate consideration for the option for which the sum of twenty-five cents was paid is against the evidence. [Taggart, J., Dissenting.] But, further *held,* that such finding against evidence is rendered immaterial by reason of the unenforceable nature of the contract.

ID.—UNJUST AND UNREASONABLE CONTRACT.—Under subdivision 27 of section 3391 of the Civil Code, a contract cannot be enforced against a party, if it is not just and reasonable; and where the contract provided for a payment of $30,000 cash, and for the further payment of $70,000, ''on or before 4 years, 4½ per cent net,'' if the contract be construed as entitling the plaintiff to possession on payment of $30,000, and to all rents for four years until the $70,000 is due, when the deed is to be executed on its payment, without requiring any obligation for its payment except the term of the contract unsigned by plaintiff, the contract so construed is unjust and unreasonable as to the defendant, and cannot be specifically enforced.

ID.—UNCERTAINTY AS TO TERMS OF CONTRACT.—Where a contract is to be specifically enforced, it must have a greater degree of certainty than in an action at law thereon. *Held,* that the contract in this case is too uncertain, vague and indefinite as to the manner in which the $70,000 payment is to be evidenced and payment thereof with interest secured; and as to by what means defendant's interest in the real estate shall be protected from default as to taxes, etc., to entitle the contract to be specifically enforced.

8 Cal. App.—25

Id.—Premature Action for Specific Performance.—An action to compel a deed upon the tender of the $30,000 only is premature. No action could be brought to compel a deed, unless the whole consideration for the purchase of the property is paid or tendered, where there is no earlier express stipulation for a deed.

Id.—Insufficient Acceptance of Option.—The mere tender of the $30,000, however excused, was not a sufficient acceptance by plaintiff of all the terms of the option or unilateral contract. He must have accepted all the terms of the contract to make it binding. If he was to give his note for the balance of the purchase money with security, the tender thereof was just as important as the tender of the money.

Id.—Rule as to Bilateral Contracts Inapplicable.—The rule applicable to bilateral contracts, or cases where the party seeking to enforce the contract has performed or tendered performance in strict accordance with the terms of the contract, and thereby assumed the corresponding obligation, performance of which might thereon be enforced against him, has no application to a unilateral contract, where there is no mutuality nor full performance on either side.

APPEAL from a judgment of the Superior Court of the County of Los Angeles, and from an order denying a new trial. Chas. Monroe, Judge.

The facts are stated in the opinion of the court.

Frank James, and A. B. McCutchen, for Appellant.

J. Wiseman McDonald, for Respondent.

SHAW, J.—Action for specific performance of a contract, whereby plaintiff asserts that in consideration of twenty-five cents he was given an option to purchase, for the sum of $100,000, certain real estate owned by defendant. Judgment was rendered for defendant. Plaintiff appeals from the judgment, and from an order denying his motion for a new trial.

The contract, specific performance of which is sought, is as follows:

"For and in consideration of the sum of twenty-five cents to me in hand paid, I hereby give Robt. Marsh & Co. an option to purchase, at any time up to and including June 1st, 1905, with privilege of 30 days extension, from date hereof, the fol-

lowing described property, to-wit: South ½ of lot 9 & all of lot 8, block 101, Bellevue Terrace tract, and all of the property owned by myself in above block, for the sum of one hundred thousand dollars, payable thirty thousand cash, balance on or before 4 years, 4½% net.

"I agree to furnish an unlimited certificate of title showing said property to be free from all encumbrance, and to convey the same in such condition by deed of grant, bargain and sale, & pay regular commission.

"M. A. LOTT  (Seal).

"Date Feby. 25th, 1905.
"Property 90x165.
"Building 6 flats—2 cottages.
"Rents, $260.00."

On June 1, 1905, plaintiff notified defendant in writing that he exercised the right accorded by said contract regarding the extension of time therein specified and elected to extend the same for a period of thirty days.

On June 2, 1905, defendant, by a written instrument served upon plaintiff, revoked said option and notified him that she withdrew said property from sale.

On June 29, 1905, within the extended time, plaintiff left at the residence of defendant an instrument, of which the following is a copy:

"June 29, 1905.

"Mrs. M. A. Lott, 507 South Olive street, city.

"Dear Madame: Referring to your agreement with me dated February 25, 1905, by which you gave me the privilege of purchasing the south half of lot nine and the whole of lot eight, in block one hundred and one, Bellevue Terrace Tract, in this city, I again tender you in gold coin of the United States the sum of $30,000 as provided in said agreement, and demand of you performance on your part as in said agreement provided. This tender will also be made to your attorney, J. Wiseman MacDonald, Esq., as per request this morning when I tendered you $30,000 in gold coin at your residence on said property,

"Yours truly,
"ROBERT MARSH & COMPANY."

The contention of appellant is that certain findings are not supported by the evidence. The findings material to a con-

sideration of the case are as follows: The court found that the sum of twenty-five cents paid for the option was an inadequate and insufficient consideration for the same, and that the said option contract was not just and reasonable to defendant, and no adequate consideration was paid to her for it. By finding IX it appears that "after such revocation and withdrawal of said option, plaintiff, under the name of Robert Marsh and Company, on the 29th day of June, 1905, in an instrument left at the defendant's house, offered to pay to the defendant the sum of thirty thousand dollars, and under the said name, demanded from defendant a conveyance of the said property, but plaintiff did not, at any time, actually tender thirty thousand dollars, or any sum at all in cash to the defendant, nor did he, in his, or any other name, at any time, tender or offer to defendant, any note or mortgage, or other evidence of indebtedness in the amount of seventy thousand dollars, or any sum at all, either carrying interest at 4½ per cent net, or at any rate at all, nor did he, in his own name, or any other name, at any time, offer to pay defendant the balance of seventy thousand dollars, on or before four years from the date of said option, or at any time, with interest at 4½ per cent net, or with or without interest." And by finding X that, "plaintiff has not duly or at all performed all and every provision and thing on his part in said option agreement contained; he has made no tender or offer to defendant, save as is set forth in finding No. IX hereof; plaintiff is willing to perform the matters on the part of Robert Marsh and Company to be performed according to the terms of the said option, and is able to pay the sum of thirty thousand dollars."

If there was no sufficient consideration for the option, then it was a mere *nudum pactum,* and defendant's revocation thereof, notwithstanding her promise to the contrary, was effectual in terminating any right of plaintiff to consummate the purchase. (Page on Contracts, sec. 35; *Wristen* v. *Bowles,* 82 Cal. 84, [22 Pac. 1136]; *Brown* v. *San Francisco Savings Union,* 134 Cal. 448, [66 Pac. 592].)

If, on the other hand, the offer was to remain open a fixed time and was made upon a valuable consideration, equity will ignore the attempted revocation and treat a subsequent acceptance, made within the time defined in the option, ex-

actly as if no attempted revocation had been made. (Page on Contracts, sec. 35; *Ross* v. *Parks,* 93 Ala. 153, [30 Am. St. Rep. 47, 8 South. 368] ; *Black* v. *Maddox,* 104 Ga. 157, [30 S. E. 723] ; *Mueller* v. *Nortmann,* 116 Wis. 468, [96 Am. St. Rep. 997, 93 N. W. 538] ; *Guyer* v. *Warren,* 175 Ill. 328, [51 N. E. 580].) Subdivision 1 of section 3391, Civil Code, makes an adequate consideration for the contract one of the conditions for the specific enforcement thereof. The provision, however, has reference to the consideration to be paid for the property, the right to purchase which at a stipulated price within a given time is the subject of the option. It has no application to the sufficiency of the consideration paid for the executed contract, whereby defendant transferred to plaintiff the right to elect to purchase at the stipulated price. It is not the option which it is sought to enforce, but that which, by plaintiff's acceptance of defendant's offer, has ripened into an executory contract, whereby, for an adequate consideration, the one agrees to buy and the other agrees to sell. "The sale of an option is an executed contract; that is to say, the lands are not sold; the contract is not executed as to them; but the option is as completely sold and transferred *in praesenti* as a piece of personal property instantly delivered on payment of the price." (*Ide* v. *Leiser,* 10 Mont. 5, [24 Am. St. Rep. 17, 24 Pac. 695].) From the very nature of the case, no standard exists whereby to determine the adequate value of an option to purchase specific real estate. The land has a market value susceptible of ascertainment, but the value of an option upon a piece of real estate might, and oftentimes does, depend upon proposed or possible improvements in the particular vicinity. To illustrate: If A, having information that the erection of a gigantic department store is contemplated in a certain locality, wishes an option for a specified time to purchase property owned by B in the vicinity of such proposed improvement, and takes the option on B's property at the full market price at the time, must he pay a greater sum therefor because of his knowledge and the fact of B's ignorance of the proposed improvement? It is not possible that B, upon learning of the proposed improvement, can, in the absence of facts constituting fraud, etc., revoke or rescind the option upon the claim that he sold and transferred the right specified therein for an inadequate con-

sideration. In our judgment, any money consideration, however small, paid and received for an option to purchase property at its adequate value is binding upon the seller thereof for the time specified therein, and is irrevocable for want of its adequacy.

The provisions of section 3391, Civil Code, are but a codification of equitable principles that have existed from time immemorial, and the sufficiency of the price paid for an option has never been measured by its adequacy. In Warvelle on Vendors, section 125 (second edition), it is said: "If the option is given for a valuable consideration, whether adequate or not, it cannot be withdrawn or revoked within the time fixed, and it will be binding and obligatory upon the owner, or his assigns with notice, until it expires by its own limitation." In *Mathews Slate Co.* v. *New Empire Slate Co.*, 122 Fed. 972, it is said: "This court is of the opinion that if two persons enter into a contract in writing under seal, by which the one party, in consideration of $1, the payment of which is acknowledged, agrees to sell and convey to the other party within a specified time certain lands and premises, on payment by the other party of a specified consideration, such contract is valid and binding, and ought to be and may be specifically enforced. The seller has the right to fix his price, and covenant and agree that on receiving that price within a certain time, he will convey the premises, and if within that time the purchaser of the option tenders the money and demands a conveyance, he is entitled to it. To hold otherwise is to destroy the efficacy of such contracts and agreements." Mr. Freeman, in his note to the case of *Mueller* v. *Nortmann*, 96 Am. St. Rep. 997, says: "An option given by the owner of land for a valuable consideration, whether adequate or not, agreeing to sell it to another at a fixed price if accepted within a specified time, is binding upon the owner and all his successors in interest with knowledge thereof." (See, also, *Tibbs* v. *Zirkle*, 55 W. Va. 49, [104 Am. St. Rep. 977, 46 S. E. 701]; *Cummins* v. *Beavers*, 103 Va. 230, [106 Am. St. Rep. 881, 48 S. E. 891]; *Mueller* v. *Nortmann*, 116 Wis. 468, [96 Am. St. Rep. 997, 93 N. W. 538]; *Johnston* v. *Trippe*, 33 Fed. 530.)

It therefore follows that the purported revocation made by defendant on June 2, 1905, was ineffectual for the purpose

of terminating plaintiff's right to exercise the privilege of
electing to accept the offer prior to the time designated there-
in for its expiration.

All that plaintiff did in the way of performance is em-
bodied in his written offer, dated June 29, 1905, hereinbe-
fore set out. In this letter he says: "I again tender you
in gold coin of the United States the sum of $30,000 as pro-
vided in said agreement, and demand of you performance
on your part as in said agreement provided. This tender will
also be made to your attorney, J. Wiseman MacDonald, Esq.,
as per request this morning when I tendered you $30,000 in
gold coin at your residence on said property." There is no
room for contending that plaintiff had made any previous
tender, or that defendant had requested that a tender be
made to her attorney. It is true that he called at the resi-
dence of defendant, having with him $30,000, but he made no
effort to disclose the purpose of his visit, or that he had in his
possession the money wherewith to make the tender. It may
be conceded, however, that the written offer made under sec-
tion 2074, Code of Civil Procedure, was equivalent to an ac-
tual tender of the $30,000, for it was not accepted. At most,
he tendered the $30,000 only, and demanded performance on
defendant's part as in said agreement provided. By reference
to said agreement, we find that she gave plaintiff an option
to purchase her property. The word "purchase" implies
the acquisition of (*Greer* v. *Blanchar*, 40 Cal. 194) ; so that
he was given the right to acquire the property of defendant,
which in this case could not be otherwise than by a deed of
conveyance. It thus appears that the performance demanded
from her in the written offer was just what he demanded in
the prayer of his complaint, namely, a conveyance to him
from her by deed of the real estate. If the payment or ten-
der of the $30,000 was full performance on his part, it neces-
sarily follows that, under this view of the contract, all that
defendant would have as evidence of her claim to the de-
ferred payment of $70,000, not payable until the expiration
of four years, would be the contract unsigned by anyone
charged with the payment thereof, and without any security
therefor. The court found that the contract as to the de-
fendant was not just and reasonable. Subdivision 2 of sec-
tion 3391, Civil Code, provides that a contract cannot be en-

forced against a party if it is not just and reasonable. (*Agard* v. *Valencia*, 39 Cal. 292; *Sharp* v. *Bowie*, 142 Cal. 462, [76 Pac. 62]; *Newman* v. *Freitas*, 129 Cal. 283, [61 Pac. 907]; *Cooper* v. *Pena*, 21 Cal. 403.)

The interpretation implied in appellant's contention, that the tender of the sum of $30,000 constituted performance on his part, renders the contract as to defendant so unjust and unreasonable that a court of equity cannot decree specific performance thereof. Counsel for appellant, in his brief, suggests still another view of the contract. The meaning of the contract, he says, is clear "that plaintiff was to pay defendant $30,000, and that when he paid the balance of $70,000, with interest at 4½ per cent per annum, the defendant was to make her deed of conveyance to plaintiff for the property in question"; and that meanwhile defendant would have the right to possession, carrying with it, we assume, the rentals of $260 mentioned in the contract, until the balance was paid. If this view should be accepted, it must follow, conceding the tender of $30,000 and the balance of $70,000 to be unpaid, that the action is premature. Defendant is presumably in possession; the $30,000 is claimed to have been tendered, but it does not appear that the $70,000 has either been paid or tendered. Hence, under this view, there is no ground for asking the interposition of a court of equity to enforce the execution and delivery of a deed, to which plaintiff is not entitled, for the reason that he has not paid the $70,000.

Still another interpretation of the contract, asserted in the answer and suggested by the findings, is that the $70,000 was to be evidenced by a promissory note, but by whom signed does not appear, and payment thereof secured by first mortgage on the real estate in question. There is absolutely nothing in the contract indicating that the deferred payment should be evidenced by note, or in any manner secured by mortgage, deed of trust, or otherwise, upon any property. Doubtless the parties contemplated that payment of the amount should be secured, for defendant testifies that during the negotiations for the purchase of the option plaintiff said "that 5% was a large amount of interest for good security and for that amount." This is the entire evidence touching the subject. If they did contemplate that it should be se-

cured, they failed to incorporate in the contract any provision sufficiently certain and definite to enable a court of equity to declare a specific performance of their intentions. Subdivision 6 of section 3390, Civil Code, provides that, "an agreement, the terms of which are not sufficiently certain to make the precise act which is to be done clearly ascertainable," cannot be specifically enforced. Where a contract is to be specifically enforced, a greater degree of certainty is required than where it is made the basis of an action at law. (Pomeroy on Specific Performance, sec. 159; Willard's Equity Jurisprudence, 267; *Burnett* v. *Kullak*, 76 Cal. 536, [18 Pac. 401]; *Jones* v. *Wells*, 31 Mich. 170; *Sturgis* v. *Galindo*, 59 Cal. 30, [43 Am. Rep. 239].) If this last interpretation be accepted, it follows that plaintiff did not perform fully, or tender full performance on his part, and the finding of the court upon the question of performance is fully supported by the evidence. In our judgment, the only construction of which the contract is susceptible renders it manifestly unjust and unreasonable as to the defendant. Viewed from any other point, it is too uncertain, vague and indefinite as to the manner in which the $70,000 due defendant should be evidenced, and payment thereof with interest thereon secured; nor can it be ascertained therefrom by what means defendant's interest in the real estate should be protected from default in the payment of taxes, assessments, etc.

Appellant makes the further point that, defendant having revoked the option and repudiated the contract, he was by such fact relieved from the necessity of any tender of compliance. Even if this were true, it could not avail plaintiff under the views herein expressed. We will, nevertheless, briefly advert to it. The general rule is that repudiation of an executory contract by one party relieves the corresponding obligor from the necessity of tendering performance as a prerequisite of maintaining a suit to enforce specific performance. This rule, however, is not applicable to unilateral contracts of the character under discussion. As we have seen in discussing the consideration for the option, there was no contract to repudiate. Section 3386, Civil Code, provides: "Neither party to an obligation can be compelled specifically to perform it, unless the other party thereto has performed, or is compellable specifically to perform, everything to which

the former is entitled under the same obligation, either completely or nearly so, together with full compensation for any want of entire performance.'' (See, also, Pomeroy on Specific Performance, sec. 162.) Until plaintiff accepted the offer, there could be no mutuality—in fact, no contract—whereby plaintiff was obligated in any way. He could only signify his acceptance in accordance with the terms of the contract, and subject to all, not part, of the conditions imposed thereby. (21 Am. & Eng. Ency. of Law, p. 930.) If, by the terms of the contract, he was to pay $30,000 and give his note for the balance, then the tender of such note and security was just as important as the tender of the money. (*Clarno* v. *Grayson,* 30 Or. 111, [46 Pac. 426].) In *Hay* v. *Mason,* 141 Cal. 723, [75 Pac. 300], in discussing a similar question, it is said: ''It is therefore evident that at no time prior to the making and tender of the deed by plaintiffs could either party have enforced specific performance of the contract.''

An examination of the cases cited in support of appellant's proposition discloses the fact that all of them refer to bilateral contracts, or cases wherein the party seeking to enforce the contract has performed or tendered performance in strict accordance with the terms of the contract, and thereby assumed the corresponding obligation, performance of which might then be enforced against him.

The finding that the consideration paid for the option was inadequate, while not supported by the evidence, is nevertheless harmless error, for the reason that, had the court found in accordance with appellant's contention, it could not, according to the view we take of the case, have changed the result.

There are other points ably presented by the learned counsel for appellant, but as a consideration of such points discloses no reason for reversing either the judgment or order, it seems unnecessary to discuss them.

The judgment and order are affirmed.

Allen, P. J., concurred.

TAGGART, J., Concurring.—I concur in the conclusion reached and in most of the views expressed in the foregoing

opinion, but I am of the opinion that there is evidence to support the finding by the trial court that the consideration for the option was inadequate. I concur specially that I may express my dissent from any portion of the leading opinion which is predicated upon there being no evidence to support this finding, and in order that I may assign my position on this question as an additional reason for affirming the judgment.