[Civ. No. 1567.  Second Appellate District.—January 12, 1915.]

## A. RAYMER, Respondent, v. SUSAN A. HOBBS et al., Appellants.

VENDOR AND PURCHASER—OPTION TO PURCHASE LAND—SALE TO THIRD PARTY BY OWNER—WHEN ACTION FOR DAMAGES DOES NOT LIE.— An action for damages based upon an option to purchase land cannot be maintained by the holder of the option against the owner because the latter during the life of the option himself sold the land to the party for whom the holder of the option claimed to have procured it, where such owner had no notice that the purchaser was the party with whom the holder of the option was negotiating, and such sale was made subject to such option, and the holder of the option at no time during its duration exercised his right to purchase or tendered any money in payment thereof, or otherwise signifying his acceptance of the proposed offer.

ID.—RIGHT OF OWNER TO SELL.—In such a case, subject to plaintiff's right to purchase the land under the terms of his option, defendants, without notice to plaintiff, had the right to sell to whomever they pleased, and in no event was plaintiff in a position to complain without a showing that within the life of the option he tendered the amount specified therein in compliance with its terms or otherwise signifying his acceptance of the proposed offer.

ID.—UNILATERAL CONTRACT—LACK OF CONSIDERATION—RIGHT TO WITHDRAW—RECITAL OF CONSIDERATION IN OPTION—EVIDENCE.—In such a case, where no consideration was paid for the option, it constituted a unilateral contract which defendants might repudiate at any time before the exercise of the right to purchase by the holder thereof, and the recital of a consideration in the option itself did not preclude an inquiry as to whether or not an actual consideration was paid therefor and it was error to exclude evidence offered for the purpose of showing that there was no consideration.

APPEAL from a judgment of the Superior Court of Orange County.  Z. B. West, Judge.

The facts are stated in the opinion of the court.

J. W. Morin, for Appellants.

Z. B. Stuart, for Respondent.

SHAW, J.—Action to recover damages in the sum of six hundred and fifty dollars.  Judgment for plaintiff, from which defendants appeal.

At plaintiff's request, defendants executed and delivered to him an option, dated April 15, 1912, to purchase a certain tract of land owned by them. This document was as follows:

"For a valuable consideration and the payment of one dollar, the receipt of which I hereby acknowledge, I, the undersigned, hereby agree to convey, or cause to be conveyed, to whomsoever A. Raymer shall designate, within the time limit of this option (as stated below), all that certain piece of property, situated in the county of Orange, state of California, and known and described as follows, to wit: . . . for the sum of twelve thousand three hundred and fifty 00/100 dollars, net to me, payable to me on terms and conditions as follows: . . . In case the provisions as set forth above, are not exercised within sixty days from date hereof, this option shall be null and void, . . . "          "(Signed)   SUSAN A. HOBBS,
D. E. HOBBS."

Plaintiff testified this option was procured at the suggestion of and for his clients G. W. Schroeder and wife, to whom he, without written authority and without defendants' knowledge, had shown the property in an effort to sell the same for the sum of thirteen thousand dollars. Other than this option given by defendants to plaintiff, there was no written authority given by defendants to plaintiff whereby he was given the right to purchase or act as agent in the negotiation of a sale of the property. At no time prior to May 20, 1912, when Raymer, by letter, notified defendants that he was negotiating with Schroeder, to whom he had expected to sell the property, did defendants have any notice from Raymer that Schroeder was a possible buyer. On said last-mentioned date, in a letter to Hobbs, he stated that the party to whom he expected to sell the land was "clean off the notion of buying your land," and stated that it was Mr. Schroeder. Also saying that he would release Hobbs from the option on condition that if Schroeder later on should conclude to buy, he (plaintiff) should be paid a commission on the sale by Hobbs. Prior to the receipt of this letter, to wit, about May first, Hobbs met Schroeder, who had purchased a piece of land adjoining that owned by defendants, and Schroeder intimated that he desired to purchase more land. Hobbs at the time, as stated, having no knowledge of the fact that Schroeder was the party for whom plaintiff was acting in procuring the option, suggested to Schroeder that he purchase his place, with the result that

a contract was made between Hobbs and Schroeder whereby Schroeder, in consideration of one hundred dollars then paid to Hobbs, was, by written contract, given the right to purchase the property for the price and upon the terms therein specified, the contract containing the following: "This sale to take place about June 16th, 1912, if not sold before then by one A. Raymer, whose option expires on the same June 15–12. . . . If sold by said Raymer, $100 to be returned to Mr Schroeder." Thereafter, to wit, on or about May 23d, pursuant to this agreement, defendants executed a deed and placed the same, with certain instructions pertaining to the delivery of the same, in escrow, it being stated in these instructions that, "This agreement is given with the understanding that if one A. Raymer deposits $13,000 on or before June 15, '12 (who has an option on this property expiring on that date), then this money and the deed and mortgage are to be returned to said parties, respectively." It is clear from the record that the option cannot be construed as a writing authorizing an agent to sell, but even so construed it is equally clear that plaintiff never brought Hobbs and Schroeder together, nor in any manner, prior to May 20th, acquainted Hobbs with the fact that Schroeder was a person desirous of purchasing the land, or one to whom a sale thereof might be made. It likewise conclusively appears that at no time during the duration of the option did plaintiff exercise his right to purchase the same or tender any money in payment thereof. Under these circumstances, it is difficult to understand upon what theory plaintiff should be entitled to recover damages for breach of any contract made by Hobbs. (*Marsh* v. *Lott,* 8 Cal. App. 384, [97 Pac. 163].) At the time defendants entered into the contract for the sale of the property to Schroeder, on or about May 1st, they had no notice or knowledge that he had ever considered the purchase of the property through plaintiff, and recognizing the fact that plaintiff had an option to purchase the same for the price specified therein, the contract with Schroeder was made subject to plaintiff's right under said option, thus fully protecting him in case he desired to consummate the purchase in the exercise of his right so to do. Plaintiff, according to his own testimony, procured the option at the suggestion and in the interest of Schroeder. He was not the agent of defendants, but was dealing with them at arm's length and, so far as shown by the written docu-

ment, solely and alone for himself. This is not affected by the fact that Raymer expected to sell the property to Schroeder at an advance, rather than to purchase it himself. While the rights of plaintiff under the option were fully protected in the sale made by defendants to Schroeder, nevertheless, if, as alleged by defendants, no consideration was paid for the option, then it constituted a unilateral contract which defendants might repudiate at any time before the exercise of the right to purchase by the holder thereof. (*Marsh* v. *Lott*, 8 Cal. App. 384, [97 Pac. 163].) The court erred in denying defendants the right to offer proof in support of this allegation. The theory of the trial court appears to have been that the recital of consideration in the option itself precluded any inquiry as to whether or not an actual consideration was paid therefor, and also that since the deed was executed and placed in escrow for delivery, subject to the instructions deposited therewith, it was likewise immaterial that it was not delivered and the sale consummated until after the expiration of the option. Subject to plaintiff's right to purchase the land under the terms of his option, defendants, without notice to plaintiff, had the right to sell to whomsoever they pleased, and in no event is plaintiff in a position to complain, without a showing that within the life of the option he tendered the amount specified therein in compliance with its terms, or otherwise signified his acceptance of the proposed offer.

Judgment reversed.

Conrey, P. J., and James, J., concurred.