Syllabus.

C. Q. YEE HOP *v.* EMMA M. NAKUINA, ET AL.

No. 1466.

APPEAL FROM CIRCUIT JUDGE FIRST CIRCUIT.
HON. J. J. BANKS, JUDGE.

SUBMITTED JUNE 28, 1923.                    DECIDED JULY 24, 1923.

PETERS, C. J., PERRY AND LINDSAY, JJ.

SPECIFIC PERFORMANCE—*option—consideration for.*

> The consideration given for an option to purchase land is
> exhausted upon a failure of the holder to exercise the right
> within the time limited; a new option thereafter given without
> consideration is *nudum pactum* and a suit for the specific per-
> formance of such new option cannot be maintained.

OPINION OF THE COURT BY LINDSAY, J.

Complainant in the circuit court brought an action
for the specific performance of a certain agreement in
writing dated the 5th day of December, 1915, under
which respondents gave unto one J. R. Wilson the exclu-
sive right and option to purchase the land described
therein, which option was assigned by the said Wilson to
complainant. An alleged copy of the agreement which is
sought to be specifically performed is attached to the bill
of complaint and marked "Exhibit B". It is alleged in
the bill of complaint that, at or about the time of the
execution of said agreement, the respondents orally prom-
ised and agreed with said Wilson that respondents, with
all convenient speed, would apply to the land court for a
registered title to said premises, and that said Wilson or
his assigns should have until and including the date of
the issuance of a decree of said land court for the com-
pletion of the terms and conditions of said contract; that
since the said 5th day of December, 1915, respondents

have not applied for a registered title to said land; that complainant on the 25th day of January, 1919, tendered to respondents the agreed purchase price, and at the same time, waived the stipulations in said agreement in so far as the same referred to the securing of a registered title and to the cancellation of a certain lease of the said premises, and did demand that respondents deliver to complainant a good and sufficient warranty deed to said land; that respondents refused and still refuse to accept the amount so tendered and to execute a deed conveying the land in question to complainant.

At the hearing before the circuit judge, it transpired that on August 20, 1915, and prior to the giving of the option now sued upon, respondents had given said Wilson another option in writing to purchase the same land, which option by the terms thereof was to expire November 15, 1915. See plaintiff's Exhibit A. (This option is hereinafter referred to as the first option.) As to whether an agreement for the option of December 5, 1915, (hereinafter referred to as the second option) was made by the parties prior to the expiration of the first option, the evidence is in conflict. It is contended by complainant, who offered testimony to that effect, that although the second option is dated December 5, 1915, the parties had orally come to an agreement for the same prior to the expiration of the first option. On behalf of respondents, there was testimony tending to show that the matter of a new option was not discussed by the parties until sometime after the first option had expired. The circuit judge has found, and such finding is amply sustained by the evidence, that no agreement for the second option was given until after the first had expired. The circuit judge's finding, involving as it does the credibility of the witness, we see no reason to disturb.

The circuit judge rendered a decision holding that

Emma Nakuina had no power to give an option; that the option of December 5, 1915, sued upon was a *nudum pactum* as it had been given without any consideration; and that the second option was not an extension of the first option, as the first had already expired, the circuit judge further holding that, even if the second option were construed to be an extension of the first option, it would make no difference, for in any event, it would require a new consideration. A decree was entered dismissing complainant's bill, from which decree and the reasons therefor set forth in the decision of the circuit judge, this appeal has been brought.

The consideration given by Wilson to respondents for the first option was $250. It is conceded that, although the second option recites a like consideration of $250, neither that sum nor any other sum was in fact paid therefor. Notwithstanding the fact that in the bill of complaint, no mention is made of the first option, and that it is the second option,—not the first,—that is sought to be specifically enforced, counsel for complainant now urges that the second option constituted but a mere extension and modification of the first option, and for that reason no consideration was necessary to support it. The instrument sued upon, namely, that of December 5, 1915, makes no reference whatsoever to any prior option given by respondents to Wilson and does not purport to be an extension of any past or existing option. On its face the instrument of December 5th is an absolutely independent agreement, free from ambiguity, and, on principle it is doubtful if evidence is admissible to show that the agreement therein set forth is not what it purports to be, but that it is a mere extension and modification of some other agreement. Be that as it may, on the assumption that the second option is an extension of the first option, counsel for complainant argues and cites numerous cases in

support of his contention that the first option being an executory contract, the parties may modify it without any new consideration other than that of mutual consent. The vice of this contention, however, lies in the fact that, by the weight of the authorities, an option is not an executory contract but an executed contract. Under the terms of the first option, the respondents agreed that Wilson should have the privilege of buying the land within the time specified in the option; that is, respondents sold to Wilson the privilege of purchasing the land within the period limited. Such contract of sale was therefore executed by the payment by Wilson to respondents of the sum agreed upon as the price for such privilege. *Johnston* v. *Trippe,* 33 Fed. 530, 536.

"An option given for the sale of land, * * * is not a sale of real estate, nor an agreement to sell, but is an executed contract, giving the optionee the exclusive privilege of purchasing within the time limited." *Pollock* v. *Brookover,* 6 L. R. A. (N. S.) 403.

"An option assumes and contemplates a future transfer of land or the performance of other specified acts by the vendor of the option. Such acts are, however, entirely distinct from the agreement for the option, and the consideration necessary to support the latter cannot do service a second time in support of the former. Such consideration becomes *functus officio* upon the receipt of that for which it was given, namely, the right to compel performance of certain acts or surrender of certain rights at a future time. Likewise, if an option is allowed to expire and is subsequently renewed or extended, such renewal or extension must have a new consideration to support it." 21 A. & E. Ency. L. 926, and cases cited.

The case of *Ide* v. *Leiser,* 10 Mont. 5, in many respects is similar to the case at bar and admirably points out the distinctions between an executory contract and an executed one. In that case the court at page 11 said:

"We come to the second instrument and option. No

consideration is named therein, specifically or by refer-
ence.   The consideration for the first option cannot do
service for the second.   That consideration was *functus
officio* in the first instrument.   A consideration deter-
mined by the parties to be the consideration for the sale
of one article on one day, and so declared in writing, can-
not, in the face of such declaration, be construed by the
court as a consideration for the sale of another article
on another day.   The first ten days' option was a thing
of value, and paid for as such.   The second was another
separate valuable article.   Was there any consideration
for its sale?

"We believe some definitions and distinctions will aid
this discussion.   There may be *first*, a sale of lands; *sec-
ond*, an agreement to sell land; and *third*, what is popu-
larly called an option.   The first is the actual transfer of
title from grantor to grantee, by appropriate instrument
of conveyance.   The second is a contract to be performed
in the future, and, if fulfilled, results in a sale.   It is a
preliminary to a sale, and is not the sale.   Breaches, re-
scission, or release may occur, by which the contemplated
sale never takes place.   The third, an option, originally,
is neither a sale, nor an agreement to sell.   It is simply
a contract, by which the owner of property (real estate
being the species we are now discussing) agrees with
another person that he shall have the right to buy his
property, at a fixed price, within a time certain.   He does
not sell his land; he does not then agree to sell it; but
he does then sell something, viz., the right or privilege to
buy at the election, or option, of the other party.   The
second party gets *in pracsenti*, not lands, or an agreement
that he shall have lands, but he does get something of
value, that is the right to call for and receive lands if he
elects.   The owner parts with his right to sell his lands
(except to the second party) for a limited period.   The
second party receives this right, or rather, from his point
of view, he receives the right to elect to buy.   That which
the second party receives is of value, and in times of rapid
inflations of prices, perhaps of great value.   A contract
must be supported by a consideration, whether it be the
actual sale of lands, an agreement to sell lands, or the

actual sale of the right to demand the conveyance of lands. A present conveyance of lands is an executed contract. An agreement to sell is an executory contract. *The sale of an option is an executed contract.* (Italics ours.) That is to say, the lands are not sold. The contract is not executed as to them, but the option is as completely sold and transferred *in praesenti* as a piece of personal property instantly delivered on payment of the price. Now this option, this article of value and of commerce, must have a consideration to support its sale. As it is distinct from a sale of lands, or an agreement to sell lands, so its consideration must be distinct; although if a sale of the lands afterwards follows the option, the consideration for the option may be agreed to be applied, and often is as a part payment on the price of the lands. But there must be some consideration upon which the finger may be placed, and of which it may be said, this was given by the proposed vendee to the proposed vendor of the lands, as the price for the option, or privilege to purchase it. * * * Examine the two options granted in the case before us. L. sold I. an option for ten days from September 24th for one dollar. He then gives an option for another ten days from October 3d, for what? For nothing. L. transfers this option, this incorporeal valuable something, for nothing. The transfer of the option was *nudum pactum,* and void."

In *Coleman* v. *Applegarth,* 68 Md. 21, 6 Am. St. Rep. 417, it was held that a verbal agreement or promise to extend the time for exercise of an option to buy, unsupported by a consideration, is a mere *nudum pactum,* and is not enforceable. To the same effect, see *Atlee* v. *Bartholomew,* 69 Wis. 43.

A subsequent agreement by the optionor to extend the time, whether made before or after the time limited for exercise of the original option, must be supported by a valuable consideration, as such agreement is in effect a new option. *Marsh* v. *Lott,* 97 Pac. 163, citing 27 R. C. L. 343 and cases cited.

Under all of the facts of this case we are of the opinion that the option sought to be specifically enforced in this action was not an extension or modification of a prior option, but was in all respects an entirely new contract requiring for its enforceability a consideration. It clearly appearing that no consideration was given for the option sued upon, a suit for specific performance cannot be maintained. It is therefore unnecessary to consider the other grounds upon which the circuit judge dismissed the bill of complainant.

The decree appealed from is affirmed.

*Watson & Lymer* and *W. J. Robinson* for complainant.

*E. J. Botts* and *R. A. Vitousek,* of the firm of Smith, Warren, Stanley & Vitousek, for respondents.