
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| KO OLINA DEVELOPMENT, LLC, a Delaware limited liability company,<br><br>        Plaintiff - Appellant,<br><br>  v.<br><br>CENTEX HOMES, A Nevada general partnership,<br><br>        Defendant - Appellee. | No. 10-17548<br><br>D.C. No. 1:09-cv-00272-DAE-LEK<br><br><br>MEMORANDUM[*] |
| KO OLINA DEVELOPMENT, LLC, a Delaware limited liability company,<br><br>        Plaintiff - Appellee,<br><br>  v.<br><br>CENTEX HOMES, A Nevada general partnership,<br><br>        Defendant - Appellant. | No. 11-15246<br><br>D.C. No. 1:09-cv-00272-DAE-LK |

Appeal from the United States District Court
for the District of Hawaii

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

David A. Ezra, District Judge, Presiding

Argued and Submitted October 17, 2012
Honolulu, Hawaii

Before: REINHARDT, THOMAS, and PAEZ, Circuit Judges.

We consider here the cross-appeals by Ko Olina Development, LLC (KOD) and Centex Homes. KOD appeals from the district court's judgment. Centex appeals from the district court's denial of its motion for reconsideration of an order enforcing the judgment. We have jurisdiction under 28 U.S.C. § 1291, and affirm.

## I. *KOD's Appeal*

We review de novo the interpretation and meaning of contract provisions. *Milenbach v. C.I.R.*, 318 F.3d 924, 930 (9th Cir. 2003). Under Hawai'i law, which applies here, the terms of a contract are interpreted according to their plain, ordinary and accepted use in common speech, unless the contract indicates a different meaning. *Amfac, Inc. v. Waikiki Beachcomber Inv. Co.*, 839 P.2d 10, 24 (Haw. 1992). We look no further than the four corners of the document to determine whether an ambiguity exists, and the parties' disagreement as to the meaning of a contract or its terms does not render clear language ambiguous. *Stanford Carr Dev. Corp. v. Unity House, Inc.*, 141 P.3d 459, 471 (Haw. 2006). An "ambiguity is found to exist . . . only when the contract taken as a whole, is

2

reasonably subject to differing interpretation." *Sturla, Inc. v. Fireman's Fund Ins. Co.*, 684 P.2d 960, 964 (Haw. 1984).

The terms of KOD's option contract to purchase the Commercial Apartments, consisting of the Right of First Refusal (ROFR) and its First and Second Amendments, are dispositive. The district court determined that the Limited Common Elements of the condominium development were akin to licenses, rather than easements. Under this rubric, the district court concluded that Centex could "recharacterize" certain Limited Common Elements as Common Elements because they were not fixed property interests that ran with the transfer of the dominant estate. We do not find it necessary to determine the common law property nature of the Limited Common Elements, and resolve this issue solely under relevant Hawai'i contract law and the governing condominium documents.

We agree with the district court that the express terms of the documents that create the option contract for the purchase of the Commercial Apartments are unambiguous. Because the option as created by the ROFR and its Amendments does not include in its terms any reference to the Limited Common Elements or any appurtenant interests to the Apartments, the express terms of the option contract do not limit Centex's reserved right to recharacterize the Limited Common Elements. Even if the option did encompass appurtenant interests to the

3

Apartments, those interests would be assessed by reference to the Condominium Declaration, and thus the entire Condominium Declaration must also be considered. Article XXIII of the Condominium Declaration reserves Centex's right to recharacterize the Limited Common Elements as long as Centex owns the Commercial Apartments, which it did at the time of recharacterization. By its express terms, the option does not supersede this prior reserved right.

KOD argues that its option includes the right to purchase the Apartments as they existed on the day the option was created, with the Limited Common Elements appurtenant. An option contract, however, is distinct from a real estate sale contract or a conveyance. *See Yee Hop v. Nakuina*, 27 Haw. 286, 289 (1923). We must evaluate the option contract only on its own terms.

Because the terms of the option contract are unambiguous, we affirm the district court's finding that Centex did not violate KOD's option when it exercised its reserved right to recharacterize Limited Common Elements appurtenant to apartments Centex owned.

## II. *Centex's Appeal*

To resolve a subsequent dispute arising from the exercise of the option, the district court granted KOD's motion to enforce the Findings of Fact, Conclusions of Law and Judgment. On January 21, 2011, the district court denied Centex's

4

Motion for Reconsideration. Preliminarily, we conclude that because the January 21, 2011 enforcement order did not expand the scope of the judgment, the district court did not exceed its jurisdiction when it granted KOD's motion. We further conclude, for the reasons stated by the district court, that the terms of the option as reflected in the ROFR and Amendments did not authorize Centex to impose restrictive conditions on the sale of the Commercial Apartments to KOD under the option. We therefore affirm.

**AFFIRMED.**