[No. 12362.  In Bank. — June 11, 1888.]

## L. G. BURNETT, APPELLANT, *v.* L. F. KULLAK, RE-SPONDENT.

VENDOR AND PURCHASER — CONTRACT OF SALE — DESCRIPTION. — Description of land by name in a contract of sale is, or may be, sufficient if the boundaries are known and well defined. The name of the county where the land is situated is not essential if the description is otherwise sufficient.

ID. — UNCERTAINTY OF TERMS — SPECIFIC PERFORMANCE — PLEADING. — When a contract of sale provides for payment of part of the purchase-money on mortgage, without specifying the terms of the mortgage, and the terms thereof are not made certain by reference in the contract, or by averment in the complaint, the agreement is too indefinite and uncertain to support a judgment for specific performance, and a demurrer to the complaint is properly sustained.

APPEAL from the judgment of the Superior Court of the county of Santa Barbara.

The facts are stated in the opinion of the court.

*Thomas McNulta*, for Appellant.

*W. C. Stratton*, for Respondent.

SEARLS, C. J. — This action was brought to compel specific performance of a contract, which contract is in the following words: —

"SANTA BARBARA, CAL., April 19, 1887.

"Received of L. G. Burnett, the sum of one hundred dollars, being a deposit on the one-quarter interest of the Callis tract of forty-three and one half acres, or one-half interest of the undersigned in said tract. The terms of this transaction are four thousand dollars for said interest in said tract, — fifteen hundred dollars cash within sixteen days from date, as soon as L. G. Burnett is satisfied as to title of said tract, and two thousand five hundred dollars on mortgage, as per deed and agreement from Callis (Tom) to Kullak and Winchester. It is hereby agreed that Burnett shall pay the interest on a

certain promissory note for seventeen hundred dollars, at ten per cent interest from April 5th.

"LOUIS F. KULLAK."

The complaint alleges "that the said land mentioned therein as the Callis tract was at the date of said contract and still is commonly known and called by that name, and that the same is. situated in the Carpenteria valley, and contains forty-three and one half acres."

It further alleges offer of performance on the part of plaintiff within the period prescribed by the agreement, and refusal of defendant to comply, etc.

A demurrer was interposed by defendant to the amended complaint, which was sustained by the court, and on the refusal of plaintiff to amend, judgment was entered in favor of defendant, from which judgment plaintiff appeals.

A glance at the agreement shows that it was loosely and inartificially drawn.

We are of opinion that the description of the premises might be held sufficient. A description of land by name is, or may be, sufficient if the boundaries are known and well defined. (*Haley* v. *Amestoy*, 44 Cal. 132; *Truett* v. *Adams*, 66 Cal. 218.)

The name of the county in which the land is situate may be useful as a part of the description, but, if otherwise sufficient, is not essential, as in a pleading where it usually performs the office of showing the subject-matter within the jurisdiction of the court.

In other respects we think the agreement and complaint fatally defective.

To mention one: We suppose a mortgage was to be given for two thousand five hundred dollars, part of the purchase price. The language of the agreement, which is not helped by averment, is: "Twenty-five hundred on mortgage, as per deed and agreement from Callis (Tom) to Kullak and Winchester."

For how long is the mortgage to run? At what rate

of interest? Suppose defendant had made default, how could the court have determined as to the sufficiency of a mortgage under this clause to be given by the plaintiff to entitle him to a deed?

Or, what is the same thing, had plaintiff proved all the allegations of his complaint, the court would have been left in the dark as to the terms of the mortgage he was to give.

It is not necessary to pass upon the sufficiency of the complaint had the deed and agreement from Callis to Kullak been set out or pleaded, for the reason that it was not done.

We are of opinion the agreement is too indefinite and uncertain to support a judgment for specific performance, and that the demurrer was properly sustained.

Judgment affirmed.

THORNTON, J., McFARLAND, J., SHARPSTEIN, J., PATERSON, J., and McKINSTRY, J., concurred.