[S. F. No. 7322. Department One.—May 2, 1917.]

## L. W. KLEIN, Appellant, v. H. MARKARIAN, Respondent.

SPECIFIC PERFORMANCE—SALE OF LAND—UNCERTAINTY OF CONTRACT.—Equity will not specifically enforce a contract for the sale of land, notwithstanding there may be a right to maintain an action at law for damages, unless the contract be complete and certain in its terms.

ID.—UNCERTAINTY AS TO TERMS OF PAYMENT.—A contract for the sale of land, which after providing for a cash payment declares that the balance of the price amounting to thirty-four thousand dollars is to be paid "in quarterly yearly payments, with interest at 6 per cent

annually," may not be specifically enforced because of the uncertainty and incompleteness in its statement of the terms of payment.

ID.—UNREASONABLENESS OF CONTRACT AS TO VENDOR—UNSECURED DEFERRED PAYMENTS.—The failure of the contract to provide how the obligations to make deferred payments is to be evidenced or secured, prevents its specific enforcement. If it was the intent of the parties that the obligation to pay the balance should be unevidenced or unsecured except by the vendor's lien, specific performance might be properly refused upon the ground that the contract was not just and reasonable as to the vendor; and if it was contemplated that the vendee should give some form of secured evidence of indebtedness to cover the deferred payments, the agreement was entirely uncertain with respect to the manner in which the balance should be evidenced and secured.

ID.—TENDER OF SECURED NOTES DOES NOT REMOVE UNCERTAINTY.—The tender by the vendee of promissory notes, secured by mortgage, to cover the deferred payments, and the vendor's failure to specify any objections to the terms of the instruments tendered, did not remove the uncertainty from the contract so as to admit of its specific performance. Under section 1501 of the Civil Code, the failure of the vendor to object to the tender did not waive the defect of uncertainty in the contract, as such defect, had it been specified, could not have been obviated by the vendee.

ID.—DAMAGES FOR BREACH OF CONTRACT—INCREASE IN VALUE OF LAND. In an action by the vendee to specifically enforce such contract, the plaintiff is not entitled to an award of damages for breach of the contract where there was no increase in the value of the land between the date of the contract and the defendant's breach.

APPEAL from a judgment of the Superior Court of Fresno County, and from an order refusing a new trial. W. M. Conley, Judge Presiding.

The facts are stated in the opinion of the court.

Everts & Ewing, for Appellant.

D. A. Cashin, Sutherland & Barbour, L. L. Cory, and Goodfellow, Eells, Moore & Orrick, for Respondent.

SLOSS, J.—Appeal by plaintiff from a judgment and an order denying his motion for a new trial. The action was for specific enforcement of an alleged contract for the conveyance of real estate, or to recover damages for the breach.

The essential facts are stated in the court's findings, which may be summarized as follows: On November 16, 1910, Markarian, the defendant, executed a written option, whereby he offered to sell to L. W. Klein and Company a tract of land in Fresno County "for the sum of $45,000, payable at the times and upon the terms and conditions following, to wit: $11,000.00 to be paid within ten days from and after said Company shall have notified me of its acceptance of this offer. The balance to be paid as follows: In quarterly yearly payments with interest at 6% annually. Upon the making of $11,000.00 payment of said purchase price, I will make, execute and deliver to said Company or to any person named or substituted by it, my deed of conveyance of said property, with and containing the usual covenants." By the writing the defendant agreed, upon acceptance of his offer, to furnish an abstract showing good title. The offer or option was to remain in force until the sixteenth day of December, 1910, "and thereafter until the same shall be withdrawn by notice in writing." The option was never withdrawn. On February 17, 1911, said L. W. Klein and Company gave to the defendant written notice that it accepted the offer, and demanded that defendant furnish an abstract and execute a conveyance to the plaintiff (named as substituted for L. W. Klein and Company), offering, at the same time, to pay the defendant the sum of eleven thousand dollars, and to execute and deliver to him plaintiff's four promissory notes for eight thousand five hundred dollars each, payable, respectively, one, two, three, and four years after date, with interest at six per cent per annum, payable annually, together with a mortgage on the said land to secure the payment of such notes. The defendant refused to convey the land or to accept the money or the notes or the mortgage offered, notifying plaintiff at the same time that he would not perform said contract. On the fourth day of May, 1912—some fourteen months later—the plaintiff made a renewed tender and demand, and the defendant again refused to accept the tender or to make the conveyance. The court finds that the contract was just and equitable, and that the purchase price of forty-five thousand dollars was the reasonable value of the land at the time the option was given, and at the time it was accepted, i. e., on February 17, 1911. Since the last-named date, the land has increased in value, and it was, on the fourth day of May,

1912 (the date of the second demand), worth sixty thousand dollars. It is found, contrary to the averment of the complaint, that plaintiff was not damaged in the sum of fifteen thousand dollars. The conclusions of law drawn from these facts were that the contract was and is "incomplete, uncertain, and indefinite; that by reason thereof said contract cannot be specifically enforced"; and that plaintiff had suffered no damage. Accordingly, judgment was entered denying plaintiff either equitable or legal relief.

It is an old and unquestioned rule of equity that, whatever right there may be to maintain an action at law for damages, a contract will not be specifically enforced unless it be complete and certain in its terms. (Pomeroy on Contracts, sec. 159; *Agard* v. *Valencia,* 39 Cal. 292, 301; *Los Angeles etc. Co-op. Assn.* v. *Phillips,* 56 Cal. 539, 546; *Reymond* v. *Laboudigue,* 148 Cal. 691, [84 Pac. 189].) The Civil Code (sec. 3390, subd. 6) includes, among the obligations which cannot be specifically enforced, "an agreement, the terms of which are not sufficiently certain to make the precise act which is to be done clearly ascertainable." The written option or offer upon which plaintiff relies is both uncertain and incomplete in its statement of the terms of payment. After providing for a cash payment of eleven thousand dollars, it declares that the balance of thirty-four thousand dollars is to be paid "in quarterly yearly payments, with interest at 6 per cent annually." This is, at the best, a vague or ambiguous provision. The clause would seem, at first glance, to call for "quarterly" or "quarter-yearly" payments; i. e., payments at intervals of three months. But, so understood, it fails to indicate the number of such payments or the amount of each. The uncertainty in this respect is fatal to the claim for specific performance. (*Williams* v. *Stewart,* 25 Minn. 516; *Platt* v. *Stonington Sav. Bank,* 46 Conn. 476; *Potts* v. *Whitehead,* 20 N. J. Eq. 55; *Schmeling* v. *Kriesel,* 45 Wis. 325.) The appellant contends that the expression was designated to provide for annual payments, each covering a quarter of the balance. This, however, is a strained reading of the language. In any event, the words used are far from expressing the suggested purpose with anything like clearness or certainty.

Furthermore, the contract fails to provide how the obligation to make the deferred payments is to be evidenced or

secured. The option was signed by the defendant alone. He was to convey his land upon payment of less than one-fourth of the purchase price. Thereupon, he would have no writing signed by anyone evidencing an obligation to pay the balance, nor any security for such balance beyond the inadequate security of a vendor's lien. If this was the intent of the parties, specific performance might have been properly refused upon the ground that the contract was not "just and reasonable" as to the defendant. (Civ. Code, sec. 3391; *Godwin* v. *Collins,* 3 Del. Ch. 196; *Diamond etc. Co.* v. *Todd,* 6 Del. Ch. 163, [14 Atl. 27].) If, on the other hand, the parties contemplated that the purchaser should give some form of secured evidence of indebtedness to cover the deferred payments—and this the plaintiff's own conduct shows to have been his view—the agreement was entirely uncertain with respect to the manner in which the balance should be evidenced and secured. (*Marsh* v. *Lott,* 8 Cal. App. 385, [97 Pac. 163].)

The appellant concedes, virtually, that the writing is, on its face, so uncertain as to preclude specific enforcement. He claims, however, that all uncertainty was removed by his act of tendering four notes, together with a mortgage to secure them. The defendant having then failed to specify any objections to the terms of the instruments tendered, he was, it is argued, precluded from objecting thereafter. Section 2076 of the Code of Civil Procedure, providing that objections not made by a person to whom a tender is made, are deemed waived, is cited in support of this claim. This section is qualified by section 1501 of the Civil Code, which provides, in effect, that the failure to object does not waive a defect which could not, if specified, have been obviated by the person making the offer. (*Allen* v. *Chatfield,* 172 Cal. 60, 69, [156 Pac. 47].) No matter what the defendant might have said in response to the offer, the plaintiff could not, of course, have remedied the defects in the written option. The writing was so indefinite that the plaintiff could not, within its terms, lay the foundation for a decree of specific performance. To hold the defendant bound by a tender outside of the provisions of the option would be to make a new contract for him. His mere silence, when the unauthorized offer was made to him, did not constitute an assent to such new contract.

Under the findings, the court properly refused to award damages for the breach of the contract. There was no increase in the value of the land between the signing of the option and the defendant's breach, which occurred when he refused to comply with the first demand, that of February 17, 1911. So that, assuming that the case presents the element of bad faith which, under section 3306 of the Civil Code, is essential to a recovery of the difference between the contract price and the value at the time of the breach, the findings (amply supported by the evidence) show that there was no such difference. There is no claim that plaintiff suffered any other item of damage recoverable under section 3306.

The judgment and the order denying a new trial are affirmed.

Shaw, J., and Lawlor, J., concurred.