[L. A. No. 8456. In Bank.—October 1, 1926.]

## CHARLES L. WOOD, Appellant, v. E. E. ANDERSON et al., Respondents.

[1] Contracts—Specific Performance—Rule.—A contract, particularly one for the conveyance of real property, will not be enforced by a court of equity unless it contains all the material terms and also expresses each in a sufficiently definite manner.

[2] Id.—Indefiniteness of Terms.—A contract for the sale of land which is indefinite as to the land to be conveyed, the time, place and conditions of payment of the purchase price, and as to the

---

1. See 23 Cal. Jur. 429; 25 R. C. L. 218.
2. See 23 Cal. Jur. 433; 25 R. C. L. 219.

amount of the purchase price itself, will not be specifically enforced.

[3] ID.—ORAL CONTRACT—PART PERFORMANCE—STATUTE OF FRAUDS.—Where a contract for the sale of land is oral, part performance is essential to take it out of the statute of frauds, within the meaning of section 1741 of the Civil Code.

[4] ID.—POSSESSION—CHARACTER OF.—When the vendee, under an oral contract for the conveyance of real property, depends upon possession alone to take the contract out of the statute of frauds, such possession must be an actual, visible, notorious and exclusive possession, such as manifests definitely and clearly that the vendee is claiming and asserting a distinctive ownership of the property, which is inconsistent with the right of possession or ownership in any other person.

(1) 36 Cyc., p. 587, n. 75, p. 588, n. 76.   (2) 36 Cyc., p. 591, n. 83, p. 596, n. 5, p. 597, n. 9.   (3) 36 Cyc., p. 642, n. 90.   (4) 36 Cyc., p. 665, n. 93, p. 668, n. 9.

APPEAL from a judgment of the Superior Court of Los Angeles County.   Victor R. McLucas, Judge.   Affirmed.

The facts are stated in the opinion of the court.

Hardy, Elliott and Aberle for Appellant.

Clark & Law for Respondents.

NOURSE, J., *pro tem.*—Plaintiff commenced this action for specific performance of an oral agreement between plaintiff and the defendants for the sale of certain real property in Los Angeles County.   The complaint alleged that the title to the property stood in the name of defendant Armstrong, but that the defendant Anderson was the real owner thereof; that in the month of June, 1922, the plaintiff and the defendants Armstrong and Anderson entered into an agreement to sell the property to the plaintiff for the sum of $1,175; that immediately following the making of said agreement the said defendants set off said property to the plaintiff and delivered possession thereof to him, and that

3.   See 25 Cal. Jur. 479.
4.   Sufficiency of possession as part performance, notes, 8 L. R. A. (N. S.) 870; 53 Am. Dec. 541.   See, also, 25 R. C. L. 262.

thereafter with the knowledge and consent of said defendants the plaintiff expended considerable money in improving said property; that at the time of the making of said agreement and ever since the plaintiff has been ready, able and willing to pay the sum of $1,175 in cash or on terms and has on numerous occasions offered to pay said defendants the said price; that said agreement was a just and equitable contract. The defendant Anderson filed an answer denying the execution of any agreement with the plaintiff for the sale of said property for the sum of $1,175 or for any other sum; denying that he had delivered possession of said property to the plaintiff but admitting that the plaintiff had attempted to exercise rights of possession over the same. This answer also denied that the contract was equitable and alleged that the reasonable value of said property at the time of the alleged agreement was the sum of $2,500. The defendant Armstrong and the wives of Anderson and Armstrong later appeared by stipulation and joined in the answer of Anderson. The cause went to trial before the court, sitting without a jury, and upon the conclusion of plaintiff's evidence the defendants moved for a nonsuit upon the grounds that there had been no proof of any contract and that if such contract existed it was oral and that there had not been sufficient part performance to take the contract out of the statute of frauds. This motion was granted and the plaintiff appeals on a typewritten record.

The appellant contends that the evidence established a *prima facie* case as to the existence of a partly executed oral contract sufficient to take the case out of the operation of the statute of frauds and that sufficient part performance was shown to entitle appellant to a decree of specific performance.

It appears that some time in the month of June, 1922, the appellant and Anderson had a conversation wherein the appellant offered to purchase and the respondent offered to sell to the appellant a strip of land adjoining the easterly boundary line of appellant's property. The other details of the alleged agreement are indefinite and uncertain. The appellant testified at one time that the property to be conveyed was 25 feet wide by approximately 150 feet deep, while at another time he testified that it should have a width of 27 or 27½ feet in the front and 25 or 30 feet in

the rear. The respondent who was called as a witness by the appellant testified that they talked of a 20-foot strip and two other witnesses testified that the conversation related to a 25-foot strip. The appellant tesified that the strip was to be "150 feet on the westerly side and more on the easterly side." The description of the property found in the complaint is full of errors as to both courses and distances and does not check with any of the testimony offered at the trial. Testimony as to the price to be paid is equally uncertain, the appellant testifying that the sum of $1,175 was agreed on, but that this amount was arrived at by computing the area of the land to be sold at the same price per square foot as he had paid for the property which he had purchased from the defendant Armstrong in the preceding year. It was conceded that if the price was fixed upon this basis it would be considerably more than the sum of $1,175. The only evidence as to the time and conditions of payment of the purchase price is found in the testimony of the appellant in repeating a conversation had with Anderson in June, 1922. "Now we can go to escrow most any time you want." I says, "I will go down in the *usual way* any time you want." "All right." "There is no hurry, Wood." (Emphasis ours.) The same witness also testified that he had not offered to pay Anderson any of the purchase price at any time but that he told him that he would go down-town and fix it up in escrow "as I had done with the former piece." No testimony was offered to show what was meant by "the usual way" or what method was used in the purchase of the former piece.

The evidence as to part performance is that a few days after the alleged agreement Anderson placed a post in the rear of his lot at a point approximately 25 feet easterly of appellant's easterly line for the express purpose of erecting a fence; that at that time he asked the appellant if he intended to purchase the property and that when he, appellant, told him that he did he asked him if the location of the post was satisfactory to him; that thereafter the appellant hauled in some 15 or 16 loads of dirt which was spread upon a portion of the land covered by the alleged agreement, and he planted some trees on the rear portion of that property but not on the dividing line thereof. It appears without conflict that the land covered by the purported agreement

was not surveyed or marked off upon the ground in any manner; that no post had been set in the front portion of the lot; that Anderson had given the appellant permission to use temporarily so much of the property as he needed for a driveway; that about ten days after the date of the alleged agreement Anderson notified appellant that he would not go further with the sale and that the total expenditures made by the appellant upon the property did not exceed $50. In answer to the question whether he had used the driveway over the property proposed to be purchased, the appellant answered: "Part of it, yes; not as a driveway; well, I did, yes, partly, but not as far, because he later, within a few days after, a week, I think—I hadn't gotten the top dressing on—no, I did not use it right away."

[1] Viewing the evidence in the light most favorable to the appellant, as we must do on an appeal from a judgment of nonsuit, we are nevertheless confronted by the well-established rule that a contract, particularly one for the conveyance of real property, will not be enforced by a court of equity unless it contains all the material terms and also expresses each in a sufficiently definite manner. (*Reymond* v. *Laboudigue,* 148 Cal. 691, 694 [84 Pac. 189]; *Buckmaster* v. *Bertram,* 186 Cal. 673, 676 [200 Pac. 610]; *Patterson* v. *Reddish,* 56 Cal. App. 197, 202 [204 Pac. 565]; *Allman* v. *Rich* (Cal. App.), 245 Pac. 439.) Viewing the evidence in this light the alleged contract falls far short of that degree of certainty which is essential to justify a court of equity in decreeing its specific performance. [2] It is indefinite as to the land to be conveyed, the time, place and conditions of payment of the purchase price, and, in fact, as to the amount of the purchase price itself. The question is not one of conflict between the testimony of the appellant and that of the respondent, but it is one of such uncertainty and indefiniteness in appellant's testimony concerning the terms and conditions of the alleged contract as would require the court to indulge in mere conjecture and speculation in order to arrive at the intent of the parties.

[3] It would seem that in principle the same rule should be applicable to the second branch of the case. The contract being oral it was essential that appellant prove sufficient part performance to take it out of the statute of frauds within the meaning of section 1741, Civil Code. [4] When

the vendee, under an oral contract for the conveyance of real property, depends upon possession alone to take the contract out of the statute of frauds "such possession must be an actual possession by the vendee; . . . a possession visible, notorious and exclusive, such as manifests definitely and clearly that the vendee is claiming and asserting a distinctive ownership of the property, which is inconsistent with the right of possession or ownership in any other person." (*Hambey* v. *Wise,* 181 Cal. 286, 290 [184 Pac. 9, 11].)    The evidence upon which appellant depends as showing possession in himself is based upon the same character of testimony as was employed to prove the terms of the alleged contract. It was shown that though the respondent Anderson offered to let appellant use a portion of the lot temporarily the appellant replied that he desired to purchase the entire strip. Without any authorization on the part of the respondents the appellant hauled a few loads of gravel on to the lot, planted some trees and on some occasions claimed the property as his own before third persons, but did not pay or offer to pay any portion of the purchase price until the commencement of this action. The appellant made no effort to measure off the property on the ground nor to have it reassessed in his name upon the assessment-rolls of the county. He did not pay or offer to pay the taxes levied against the property, and, in fact, did nothing to evidence his right of possession after the repudiation of the contract by Anderson except to assert his claim before third parties. The case is a clear example of the danger noted in the admonition of Browne on the Statute of Frauds, 5th edition, section 473, and quoted in *Hambey* v. *Wise, supra:* "To allow a mere technical possession, not open to the observation of the neighborhood, and capable of being proved only by select and confidential witnesses, to be sufficient for obtaining a decree to enforce the contract, would manifestly afford an opportunity for and an encouragement to dishonest testimony."

The judgment is affirmed.

Richards, J., Waste, C. J., Shenk, J., and Curtis, J., concurred.