[L. A. No. 8848. Department Two.—December 16, 1927.]

AMELIA J. SCHELLENBACH, Respondent, v. SIMEON LAGASSE et al., Appellants.

[1] CONTRACTS — SPECIFIC PERFORMANCE — EXTENSION OF TIME — INDEFINITE PROVISION FOR.—In a contract for the sale and purchase of land in which time is made of the essence, a provision that the time for any act required to be done might be extended not longer than thirty days, but fails to specify what person or persons have authority to grant the extension, is too indefinite and uncertain to form the basis of an action in specific performance.

---

(1) 36 Cyc., p. 588, n. 76; 39 Cyc., p. 1340, n. 68.

1. Certainty in contract as requisite for specific performance, notes, 26 Am. Dec. 661; 14 Am. St. Rep. 58. See, also, 23 Cal. Jur. 433; 25 R. C. L. 219.

APPEAL from a judgment of the Superior Court of Los Angeles County. William C. Doran, Judge. Affirmed.

The facts are stated in the opinion of the court.

D. A. Knapp for Appellants.

Dockweiler, Dockweiler & Finch for Respondent.

SHENK, J.—Plaintiff brought this action to quiet her title to certain land in Los Angeles County. The complaint is in the usual form. In their second amended answer the defendants set up as their interest in said land a contract of purchase dated October 25, 1924, wherein the plaintiff agreed to sell and the defendant Simeon Lagasse agreed to buy said land for $7,750 and assume a mortgage of $6,000 on the property. The sum of $350 was to be paid and was paid upon the execution of the contract, and the remaining cash payment of $7,400 was payable within thirty days from the date of the contract. It was then alleged that "said contract stipulated that either party should have thirty days to prepare for and to consummate said contract, said period to be extended thirty days at the option of either party." Other allegations with reference to the state of the title are then set forth, but it is deemed unnecessary to recite them for the reason that they do not have any controlling bearing on the disposition of this appeal. By the second amended cross-complaint the defendants re-alleged in substance the matters set forth in their second amended answer, and in addition thereto alleged facts intended to entitle them to a specific performance of said contract. It was therein averred that on the fourteenth day of November, 1924, the defendants discovered that a tenant was in possession of said property under a leasehold running for a term of years, and thereupon notified the plaintiff to cause the immediate removal of said tenant, and that plaintiff failed, refused, and neglected to do so; that thereupon the defendant Simeon Lagasse notified the plaintiff "that he would exercise his option of extending said term for consummation of said contract to and until the 25th day of December, 1924, and would at his own expense in the meantime secure the removal of said tenant." The complaint was filed on December 4, 1924, which was before

the expiration of the thirty-day period thus attempted by the defendant Simeon Lagasse to extend the time of payment. The cause was called for trial and the plaintiff made proof of her title. A discussion ensued between court and counsel, during which the contract of purchase and sale was received in evidence. The court then inquired of counsel for defendants what he intended to prove and he stated in effect that the defendants were standing on a clause in the contract, as follows:

"Sixth: Time is the essence of this contract but the time for any act required to be done may be extended not longer than thirty days by (c) ................ (d) ................. by ...............

*"Real Estate Agent."*

After further discussion the plaintiff's counsel interposed an objection to the defendants' further participation in the case on the ground that the second amended answer and the second amended cross-complaint, in conjunction with the admitted facts and the statement of defendants' counsel as to what he intended to prove, did not state facts sufficient to constitute a defense or a cause of action. The objection was sustained. No application was made by the defendants to amend and judgment was ordered for the plaintiff, from which judgment the defendants appeal.

[1] The controversy turns upon the right of the defendants to a thirty-day extension of time under the contract or to a reasonable extension of time under the circumstances involved. The trial court took the view that clause "Sixth" of the contract, above quoted, was too indefinite and uncertain to form the basis of an action in specific performance. In this the court, we think, was correct. The contract ·was on a ̓standard form containing appended instructions as to what should be inserted in the blank spaces. These instructions were not followed, and it is impossible to tell from the incomplete provision for the extension of time what person or persons have authority to grant the extension. The defendants insist that the power to extend the time was vested in either party at his option. But the contract does not so provide. No attempt was made to reform the instrument, and the allegation of the second amended answer and cross-complaint, to the effect that either party could at his option extend the time for thirty days beyond the thirty-day period

provided in the contract for the consummation of the deal, must fail in the light of the provisions of the contract itself. The same conclusion must also be announced concerning the claim of the defendants that they would have a reasonable time after the twenty-fifth day of November, 1924, in which to perform. When the contract period of thirty days elapsed the plaintiff had the right to consider the contract at an end in the absence of some valid extension of time for performance. As the incomplete provision of the contract did not have that effect and no right to an extension of time was otherwise shown, the trial court was right in ordering judgment for the plaintiff.

The judgment is affirmed.

Richards, J., and Langdon, J., concurred.