[S. F. No. 14749.  In Bank.—June 21, 1933.]

THOMAS M. SONTAG et al., Appellants, v. WELLS FARGO BANK & UNION TRUST CO., (a Corporation), Respondent.

A. M. More and E. B. Mering for Appellants.

Heller, Ehrman, White & McAuliffe, F. Whitney Tenney and Lawrence C. Baker for Respondent.

SHENK, J.—This appeal is from a judgment in favor of the defendant in an action to obtain specific performance of an alleged agreement to sell real property.

If the agreement exists no question of the plaintiffs' right to the relief sought is raised. The complaint alleged a written contract and the plaintiffs offered and relied upon the following as establishing an agreement to sell on the part of the defendant.

The record shows that prior to October 21, 1929, the plaintiffs had been the owners of the residence property situate at 25 Hartford Street in San Francisco, upon which the defendant held a deed of trust in the principal sum of about $4,800. The plaintiffs were in arrears on the payments of principal and interest and a sale was duly conducted under the terms of the deed of trust, pursuant to which the defendant became the owner of the property. The plaintiffs expressed a desire to remain on the premises and, if arrangements could be made, to repurchase it. A rental of $50 a month was agreed upon and the following document was issued to the plaintiffs:

"San Francisco, November 1, 1929. WELLS FARGO BANK & UNION TRUST CO. hereby acknowledges receipt from THOMAS SONTAG AND IRENE SONTAG, his wife, the sum of $50.00 for one month's rent, commencing October 21st, 1929, and ending November 20th, 1929. In the event said Sontags purchase the property it is agreed that this payment will be applied first to interest and the balance to principal as an instalment on the purchase price of $4,800 of said property; interest to begin October 21st, 1929."

Subsequently the plaintiffs received from the defendant a letter dated November 5, 1929, which reads: "On November 1, 1929, we issued to you our receipt covering one month's rent of $50 from October 21st to November 20, 1929, for occupying premises at 25 Hartford Street, this city. In the receipt it is (re-) cited that in the event you purchase the property all rent payments will be applied towards the pur-

chase price. That is to say, it will be applied first on interest and any balance in reduction of principal. This is on the purchase price of $4,800 which you understand, includes accrued interest and costs."

On March 1, 1930, the plaintiffs sent the following letter to the defendant: "Pursuant to your receipt of November 1, 1929, for rent of the property known as 25 Hartford Street, together with right and option to purchase the same, as per receipt given by you to me, I hereby notify you that we accepted the option to purchase, and request that the said $50.00 paid by us on October 21st, 1929, and all subsequent payments made thereon to date shall be applied upon the purchase price of said real property, namely $4800.00."

Other evidence, oral and documentary, was received. The trial court found that no contract for the sale and purchase of the property involved existed, and that the only contract entered into between the parties was a month-to-month leasing arrangement at a rental of $50 a month. The court ordered judgment for the defendant on its cross-complaint for unpaid rental earned and for expenses of removing the belongings of the plaintiffs from the premises.

■ The principal contention of the plaintiffs is that the court erred in finding that no agreement of sale was made by the defendant. The plaintiffs urge that the writings signed by the officers of the defendant constitute an agreement on its part to sell the property involved at a price of $4,800 in installments of $50 per month with interest on deferred payments, which the plaintiffs allege they were ready and willing and able to perform on their part; and that it is such a contract which the plaintiffs are entitled to have the defendants perform specifically.

There is no foundation in the record to support the contention that the evidence bears the construction contended for as a matter of law, or that the court erred in its construction of the negotiations between the parties. The foregoing evidence, together with all the other documentary evidence and the oral testimony received, clearly supports the court's finding that the transaction contemplated only a rental of the premises at $50 a month. The inferential conclusion that the statements of the defendant concerning a purchase of the property by the defendants were only an invitation to negotiate in the future on the basis suggested, which obviously

does not include all of the terms necessary to be agreed upon, is justified by the record. That such an interpretation and construction of their negotiations was correct is indicated by the conduct of the parties themselves, and particularly by the conduct of the plaintiffs. It is in evidence that the plaintiffs were engaged in a lawsuit as to which they had expressed to the defendant the expectation of recovering a substantial judgment. The court could properly infer from the plaintiffs' conduct that they were awaiting the outcome of that litigation before negotiating for the repurchase of the property from the defendant. Furthermore, the plaintiffs' understanding of the limited nature of the parties' negotiations is indicated by a letter dated February 17, 1930, written to the defendant by the plaintiff, Thomas Sontag, wherein he requests that a cashier's check for $50 inclosed be applied "to my rent for the month of March", also requesting a receipt. It was not until the subsequent receipt by the plaintiffs of notices dated February 19 and 25, 1930, terminating the tenancy on March 20th following, that the plaintiffs framed and posted their letter of March 1, 1930, in an attempt to accept what they thereby declared to be an option to purchase. ▪ Even assuming that the writings of the defendant of November 1 and 5, 1929, could be so construed, or could be construed as an offer to sell, the record amply supports a conclusion that the option or offer had been duly withdrawn prior to any attempted acceptance on the part of the plaintiffs.

▪ It may also be added that the writings upon which the plaintiffs rely are too indefinite and uncertain in their terms to become the basis of a claim for specific performance. (*Klein* v. *Markarian*, 175 Cal. 37, 40 [165 Pac. 3].)

▪ The plaintiffs also contend that the evidence compels a finding that an oral contract was proved as to which the defense of the statute of frauds was not pleaded. A substantial conflict exists in the evidence as to what were the oral negotiations between the parties. The presence of this conflict in the record, under well recognized rules, forecloses this court from giving further consideration to this contention.

The judgment is affirmed.

Preston, J., Waste, C. J., Langdon, J., Curtis, J., Thompson, J., and Seawell, J., concurred.