[Civ. No. 13261.   Second Dist., Div. One.   Nov. 27, 1941.]

W. T. MAHANAY, Respondent, v. FRED E. LYNDE, Appellant.

John Clarke Hessin for Appellant.

Moses C. Davis for Respondent.

DRAPEAU, J. *pro tem.*—Action for specific performance of a contract of purchase and sale of real property.

The plaintiff went to the home of the defendant, and there, after a conversation between the plaintiff and his wife, and the defendant and his mother, the parties came to an oral agreement of purchase and sale of a small parcel of real property. The purchase price was to be $1,000; $100 down, and monthly payments of $20 a month on the principal.

In order to bind the bargain the plaintiff gave to the defendant his check for $20, and the defendant gave to the plaintiff his receipt therefor.

There is a conflict in the testimony as to the wording of the receipt, because, some days later, when the parties met at a bank, the defendant told the plaintiff that he did not want to go through with the deal, and the defendant's mother got possession of the receipt and refused to give it back to the plaintiff. The trial court properly admitted the plaintiff's oral testimony as to the wording of the receipt. At the trial defendant contended that the receipt is in language to be found in a writing which the defendant's mother testified was the one she took from the possession of the plaintiff. She said that she delivered it to her attorney, who later on sent it to the plaintiff's attorney. The language of this

claimed receipt is materially different from that testified to by the plaintiff as being on the one which was first given to him. The trial court adopted the wording of the receipt as testified to by the plaintiff, and found that the writing was sufficient to satisfy the statute of frauds. We think there is substantial evidence in the record to support this finding.

The trial court adjudged specific performance, in that the plaintiff was to pay to the defendant $100, and that then the plaintiff was to have possession of the premises, and that, thereafter, the plaintiff was to pay to the defendant $20 per month until the purchase price of $1,000 was paid.

Appellant argues that the contract as found by the trial court cannot be thus specifically enforced because:

(a) It is uncertain, and because

(b) It is not just and reasonable as to the defendant.

It is contended that it is uncertain because deferred payments are governed by the following clause:

"Balance to be paid at $20.00 per month."

Appellant relies upon the case of *Klein* v. *Markarian*, 175 Cal. 37 [165 Pac. 3], in support of his contention that this provision in the contract is uncertain. In that case the provision for future payments which was under attack read as follows:

"In quarterly yearly payments with interest at 6% annually."

The opinion of our Supreme Court indicates that such a clause could not be held to mean annual payments, each covering a quarter of the balance due under the contract.

In the present case, however, we have no difficulty in determining that the expression "balance to be paid at $20.00 per month" means that the purchaser is to pay $20 a month each month until the balance due on the principal is fully paid, and that therefore, there is no uncertainty in the contract as found by the trial court.

Appellant finally contends that the contract is not "just and reasonable," as to him, because by its terms he has been forced to give possession of his property to the plaintiff upon payment of 1/10th of the purchase price, and he has "no writing signed by anyone evidencing an obligation to pay the balance, nor any security for said balance beyond the inadequate security of a vendor's lien." (Quotation from *Klein* v. *Markarian*, *supra*, at p. 41.)

There is nothing in this last point of appellant because there is substantial evidence to sustain the finding of the trial court that the contract is just and reasonable. There is no question of a vendor's lien involved here because by the terms of the judgment title is withheld until the full purchase price is paid.

The judgment is affirmed.

York, P. J., and Doran, J., concurred.