[Civ. No. 16119.   Second Dist., Div. One.   Mar. 31, 1948.]

FEDERATED INCOME PROPERTIES, Appellant, v.
G. A. HART, Respondent.

James M. Gammon for Appellant.

Henry O. Wackerbarth for Respondent.

DORAN, J.—This is an appeal from the judgment in an action for specific performance.

The complaint alleges in substance that plaintiff agreed to buy and defendant to sell certain real property; that plaintiff performed and that defendant refused to perform. The court found for the defendant and judgment was entered accordingly.

It is contended on appeal that the evidence, "does not support the findings of the court to the effect that no agreement was entered into between the parties." Also that the court erred, "in refusing to allow the plaintiff to introduce the two letters from the defendant to her attorney" and, that the court's refusal to "reopen the case for the presentation of evidence as to the value of the property," was error.

■ The record reveals that Ted Shaw carried on a correspondence with defendant, who lived in the east, regarding the purchase of certain property in California owned by defendant; that the first communication was a "postcard" from Shaw to defendant which, according to respondent's brief, was written June 24, 1945, and stated, "that he was informed that certain tax deeded property was for sale by a quitclaim deed and that he had a client who was interested in it if he could be given more information." That from said date and until about the middle of the following November, 18 or 20 communications were exchanged between them concerning the transaction.

It would serve no useful purpose to set forth the correspondence. It is sufficient to note that the offers and counter-offers related in part to a reservation by the seller of an oil interest and, as pointed out by respondent, "The correspondence between the parties in this action is indefinite and uncertain in that it cannot be ascertained therefrom:

"1. Whether Hart was to retain (1) 25% of the oil rights in the property to be conveyed, or (2) 25% of the oil produced therefrom, or (3) 25% of the land owner's royalty.

"2. Whether an oil lease was to be negotiated as a part of the transaction.

"3. The terms of the suggested oil lease."

The court found, "that no agreement, either oral or in writing, was entered into between the parties hereto for the purchase and sale of the real property described in paragraph II of plaintiff's complaint." The evidence supports the findings. This being true, there was nothing to be gained in re-opening the case. ■ Nor was it erroneous to exclude as privileged the two letters from defendant to the witness Smith who was defendant's attorney during the negotiations. The

defendant did not appear as a witness, either directly or by deposition.

It is well settled that an action for specific performance must fail unless the contract upon which it is based is shown to be complete and certain. (*Breckinridge* v. *Crocker*, 78 Cal. 529 [21 P. 179]; *Los Angeles I. & L. Cooperative Ass'n* v. *Phillips*, 56 Cal. 539; 23 Cal.Jur. 429 et seq.) "If the offer is in any case so indefinite as to make it impossible for a court to decide just what it means, and to fix exactly the legal liability of the parties, its acceptance cannot result in an enforceable agreement." (17 C.J.S. § 36, p. 365.)

For the foregoing reasons, the judgment is affirmed.

York, P. J., and White, J., concurred.

A petition for a rehearing was denied April 22, 1948, and appellant's petition for a hearing by the Supreme Court was denied May 27, 1948.