[Civ. No. 16431.   Second Dist., Div. Two.   June 7, 1948.]

K. J. BERVEN, Appellant, v. EDWIN F. MILLER et al., Respondents.

K. J. Berven, in pro. per., for Appellant.

George B. Hancock and Ray R. Rogers for Respondents.

McCOMB, J.—From a judgment predicated upon the sustaining, without leave to amend, of defendants' demurrer to plaintiff's third amended complaint, plaintiff appeals.

Plaintiff filed a complaint for specific performance against defendants seeking title to certain land, alleging that Emma M. Miller delivered to plaintiff an instrument in writing for the sale of the land, which read as follows:

" 'In consideration of tenant furnishing material and doing repairs, also work necessary to decorating the premises, the landlord agrees that in event of a sale of property, the tenant shall have the first chance to buy property at the offer made for same. Tenant to occupy premises until sold' (signed) Mrs. Miller, Sept. 16, 1945."

It was further alleged that Mrs. Miller died intestate April 16, 1946; that defendants are her heirs; and that on April 10, 1946, the property involved had been sold to defendants Ralph and Vallie Glidewell.

This is the sole question presented for our determination:

*Did the complaint state a cause of action?*

This question must be answered in the negative and is governed by this rule: Specific performance of a contract for the sale of land will not be decreed unless the contract is complete and certain in its terms. (*Klein* v. *Markarian,* 175 Cal. 37, 40 [165 P. 3]; *Sontag* v. *Wells Fargo Bank etc. Co.,* 218 Cal. 371, 374 [23 P.2d 276].)

It is evident from a reading of the purported agreement between the parties that it falls within the rule just stated. The document signed by Mrs. Miller was at best a mere option which plaintiff under certain conditions could accept or reject. The terms of payment, the times of payment, the property to be sold, are each so indefinite and uncertain that a court could not decree specific performance of the agreement.

The order sustaining the demurrer without leave to amend and the judgment predicated thereon were correct.

The judgment is affirmed.

Moore, P. J., and Wilson, J., concurred.