[Civ. No. 19115.   Second Dist., Div. Two.   Oct. 17, 1952.]

ELLEN M. ROBERTS, Respondent, v. MARIA CLARK
LEBRAIN, Appellant.

Kelsey Petterson for Appellant.

Morris T. Johnson for Respondent.

FOX, J.—In 1945 respondent and her husband, Allen L. Roberts, owned as joint tenants the real property here in controversy. It is located on 115th Street in the city of Los Angeles. They owned other property on that street, in which they lived. In August of that year respondent and her husband rented the subject property to appellant on a month-to-month basis at a rental of $20 per month.

As a result of negotiations between Mr. Roberts and appellant in August, 1946, he gave appellant the following memorandum:
"8, 16, 1946

"Received of Mrs. Maria Clark as Down Payment 400⁰⁰ Bal. 800⁰⁰ 1 Small House and Lot on 115 st. Los Angeles Calif                    Allen and Ella Roberts"

Respondent did not take part in this transaction, did not sign the above memorandum, and did not give her husband any authority to sign her name thereto. Appellant made payments to Mr. Roberts from time to time and received receipts from him indicating that the payments were to apply on the purchase price of real property. In June, 1950, Mr. Roberts passed away. Shortly thereafter respondent contacted appellant suggesting that they arrange to have the papers fixed up regarding the property and "everything straightened out." This suggestion was unavailing. In July respondent went to an attorney who wrote appellant making a demand upon her to the same general effect. There was no response. No payments were made to respondent after the passing of Mr. Roberts, and no demand was made upon her by appellant until March 1, 1951, when counsel for appellant wrote respondent demanding that she deposit in escrow a deed and policy of title insurance, and stating that appellant desired to pay the balance due on the contract.

Respondent thereupon brought this action to quiet her title to the property. Appellant, by cross-complaint, sought a decree of specific performance. From a judgment in favor of respondent, appellant appeals.

Appellant challenges the sufficiency of the evidence to support the findings; contends she has a specifically enforceable contract; and that it is inequitable to quiet title in respondent.

The court first finds that respondent is the owner of the property in dispute. Appellant is in no position to question this finding because in her cross-complaint she states respondent and her husband were the owners as joint tenants of the property; that Mr. Roberts had died; and that the record ownership of the property, by operation of the joint tenancy provisions by which it was held, reverted to respondent "who became the sole record, legal owner of said property." Respondent testified that she and her husband owned the property at the time the alleged contract was made and that she and her husband paid the taxes on the property throughout the entire period, and exercised other acts of ownership over it. They rented it to appellant approximately a year prior to the date of the quoted memorandum. ■ Since appellant got possession through respondent and her husband and claims title through respondent it was not necessary for respondent to prove her title because appellant cannot dispute the title of the person through whom she claims. (*Tannahill* v. *Greening*, 85 Cal.App. 714, 717 [259 P. 1017]; *Strange* v.

*Strange,* 23 Cal.App. 281, 284 [137 P. 1104].) The record abundantly supports the finding that respondent is the owner of the property.

The correctness of the finding that appellant had no right, title or interest in the disputed property depends on whether appellant had a valid and specifically enforceable contract for the purchase thereof. The initial deal (whatever it was) between Mr. Roberts and appellant was admittedly oral and respondent not only denied the alleged contract but affirmatively plead the statute of frauds. Appellant, however, contends the transaction is taken out of the statute of frauds by (1) the quoted receipt, and (2) part performance.

The receipt is insufficient to satisfy the statute of frauds because it does not contain any description by which the property can be located. (*Allen* v. *Stellar,* 106 Cal.App. 67, 70 [288 P. 855].) This is one of the most essential parts of such an agreement. (*Craig* v. *Zelian,* 137 Cal. 105, 106 [69 P. 853].) ▮ The description must be such, either in terms or by reference, that the property can be identified without resort to parol evidence. (*Craig* v. *Zelian, supra*; *Simpson* v. *Schurra,* 91 Cal.App. 640, 648 [267 P. 384]; *Gordon* v. *Perkins,* 108 Cal.App. 336, 340 [291 P. 644].) ▮ Parol evidence cannot be used to furnish a description. ▮ The only purpose for which such evidence can be admitted is to apply the description given to the subject matter and thus identify the property. (*Marriner* v. *Dennison,* 78 Cal. 202, 208 [20 P. 386]; *Simpson* v. *Schurra, supra,* 648.) ▮ Here the receipt contains no street address or other information by which the particular house and lot on 115th Street in Los Angeles can be identified. The problem is further complicated by the fact that Mr. and Mrs. Roberts owned two residential properties on that street. The memorandum is further deficient in that it states "neither the time, the terms nor the manner of payment" of the purchase price. (*Fritz* v. *Mills,* 170 Cal. 449, 458 [150 P. 375].)

Appellant argues that her possession, which began as a tenant prior to the alleged agreement, and the fact that she thereafter made certain payments to Mr. Roberts which appear to be referable to her transaction with him, constitute sufficient part performance to take the contract out of the statute of frauds and permit the introduction of parol testimony of its terms. We may assume, but without so deciding, that this is true, yet appellant is not entitled to a decree of specific performance.

A contract for the sale of real property will not be specifically enforced unless it not only contains all the material terms, but also expresses each in a reasonably definite manner. (*Buckmaster* v. *Bertram,* 186 Cal. 673, 676 [200 P. 610]; *Wood* v. *Anderson,* 199 Cal. 440, 444 [249 P. 862]; *Dickey* v. *Pattison,* 92 Cal.App.2d 659, 662 [207 P.2d 1081].)

The burden was upon the appellant as the cross-complainant to prove such a contract. It was, of course, for the trial court to weigh and evaluate the testimony and since the voice of the opposite contracting party may not be heard in opposition, the evidence by which the terms of the contract are proved "will be strictly construed, closely scrutinized, and weighed with a careful balance." (*Kurtz* v. *de Johnson,* 42 Cal.App. 221, 227 [183 P. 588].) "The proofs of the contract should be clear" under such circumstances. (*Owens* v. *McNally,* 113 Cal. 444, 451 [45 P. 710, 33 L.R.A. 369].) Furthermore, an appellate court must view the evidence most favorable to the successful party in the trial court.

With these principles in mind it must be said that the oral contract between appellant and Mr. Roberts was deficient and uncertain in a number of its material terms. It failed to state the time and manner of payments (*Mills* v. *Skaggs,* 64 Cal.App.2d 656, 658-659 [149 P.2d 204]; *Fritz* v. *Mills, supra,* 170; *Wood* v. *Anderson, supra,* 444; *Buckmaster* v. *Bertram, supra,* 676); whether interest on the balance was to be paid, and if so at what rate (*Burnett* v. *Kullak,* 76 Cal. 535 [18 P. 401]); the character of interest to be conveyed, i.e., whether a grant in fee free and clear of encumbrances or a mere quitclaim; and what, if any, arrangement was made for payment of taxes or reimbursement for such payments. While appellant testified as to time, manner and amount of and interest on the installment payments to be made, it is apparent that the court was not satisfied with her version of the transaction. The indefiniteness and uncertainty of these material and substantial terms of the alleged agreement, when considered together, justified the trial court in denying specific performance. (Civ. Code, § 3390, subd. 6; *Klein* v. *Markarian,* 175 Cal. 37, 40 [165 P. 3]; *Chandler* v. *Hollingsworth,* 96 Cal.App. 472, 475-476 [274 P. 581]; *Dickey* v. *Pattison, supra,* 662.)

Appellant argues that respondent should have been required to return the $865 paid to Mr. Roberts. To have required this would have resulted in giving appellant the

free use of the property since August, 1946. The court found the total payments made by appellant "from August 15, 1946, to the time of trial, November 23, 1951, is a reasonable sum for the use and occupancy of said premises for that period." The sum of $865, covering 63 months, averages about $14 per month. Appellant had been paying $20 per month rental for the premises. These facts amply support the foregoing findings.

The judgment is affirmed.

Moore, P. J., and McComb, J., concurred.