[Civ. No. 20168.   Second Dist., Div. Two.   Oct. 18, 1954.]

HENRY C. BONK et al., Respondents, v. NANOOK
BOYAJIAN et al., Appellants.

Allard, Brownberger, Shelton & O'Connor, John Moran and James S. Baker for Appellants.*

Henry E. Kappler for Respondents.

FOX, J.—Defendants appeal from a decree of specific performance.

Defendants, husband and wife, own as joint tenants, certain real property in the city of Pomona. On February 1, 1950, plaintiffs leased this property for a two-year period at a rental of $90 per month. Defendant husband signed the lease but his wife neither signed the document nor did she give him written authority to sign for her. The lease contained the following option to purchase the property:

"It is further agreed that lessee shall have the option to purchase this property at any time within the first 2 year s of this lease at the purchase price of $7000.00, down payment to be $3000.00/, or more *Monthly payments on the balance due to be agreed upon at the time of purchase.* within the first 2 year s of this lease the rent paid up to the time of purchase shall be applied on the purchase price and is not to be deducted from the down payment." (Emphasis added.)

Prior to February, 1952, plaintiffs caused to be delivered to Mrs. Boyajian a notice of exercise of option, which read, in part, as follows:

"You are further notified that the undersigned have paid to you, by way of rent under the terms of the above described Store Lease, $2,160.00 and that under the terms of the above described option the said sum of $2,160.00 shall apply, in addition to the said sum of $3,000.00, upon the total purchase price set forth in the option of $7,000.00 leaving a balance due you for the purchase price of the property $1,840.00, which, under the terms of the option, the undersigned offers to pay to you as follows: a Promissory Note to be executed by the undersigned to you for $1,840.00 bearing interest at the rate of 6% per annum and to be paid in installments of $100.00 per month, including interest and principal, the first payment commencing February 1, 1952, . . ."

Plaintiffs thereupon opened an escrow, deposited $3,000 therein and claimed credit for $2,160, which represented the

---

*Since argument and submission of this case, James S. Baker and John Moran were substituted as attorneys for appellants.

rentals they had paid. Plaintiffs also executed and placed in the escrow their promissory note for the balance of $1,840, payable at the rate of $100 per month with interest at 6 per cent. The defendants refused to proceed with the deal, the husband claiming that the alterations in the lease were different from those authorized by him, and the wife relying on the fact that she had neither signed the document nor given her husband written authority to represent her. No attempt was made to fix the amount of monthly payments on the balance. At the time of the trial, however, the installments of $100 per month which plaintiffs had deposited with the clerk of the court had reached the sum of $1,840, the balance under the lease-option agreement. The court thereupon ordered the defendants to convey the property to the plaintiffs by ''a good and sufficient'' deed upon the payment to the defendants by the clerk of said $1,840 and the payment by plaintiffs of the further sum of $3,000.

Defendants contend that under the quoted provisions of the option plaintiffs are not entitled to a decree of specific performance. Their contention is sound.

█ Where a party seeks specific performance of a contract, the terms of the contract must be complete and certain in all particulars essential to its enforcement. (*Colorado Corp., Ltd.* v. *Smith,* 121 Cal.App.2d 374, 376 [263 P.2d 79]; *Gould* v. *Callan,* 127 Cal.App.2d 1, 4 [273 P.2d 93]; *Berven* v. *Miller,* 86 Cal.App.2d 39, 40 [194 P.2d 80]; *Federated Income Properties* v. *Hart,* 84 Cal.App.2d 663, 665 [191 P.2d 59], Civ. Code, § 3390, subd. 6.) █ An agreement for the sale of real property will not be specifically enforced unless it not only contains all the material terms, but also expresses each in a reasonably definite manner. (*Roberts* v. *Lebrain,* 113 Cal. App.2d 712, 716 [248 P.2d 810]; *Bruggeman* v. *Sokol,* 122 Cal.App. 2d 876, 881 [265 P.2d 575]; *Buckmaster* v. *Bertram,* 186 Cal. 673, 676 [200 P. 610].) These principles have been applied in denying specific performance of agreements which are incomplete, indefinite or uncertain with respect to the terms of payment of deferred balances or the terms of incumbrances representing such deferred balance (*Mills* v. *Skaggs,* 64 Cal. App.2d 656, 658-659 [149 P.2d 204]; *Mariposa Commercial & Min. Co.* v. *Peters,* 215 Cal. 134, 140 [8 P.2d 849]; *Buckmaster* v. *Bertram, supra.*) █ ''Uncertainty, as to the terms and conditions of deferred payments is fatal to a claim for specific performance.'' (*Gould* v. *Callan, supra; Klein* v. *Markarian,* 175 Cal. 37, 40 [165 P. 3].) █ Where, in a business

transaction, an important item is reserved for future determination no enforceable obligation is thereby created for "neither law nor equity provides a remedy for a breach of an agreement to agree in the future." (*Autry* v. *Republic Productions, Inc.*, 30 Cal.2d 144, 151 [180 P.2d 888] ; *Ablett* v. *Clauson*, 43 Cal.2d 280, 284, 285 [272 P.2d 753] ; *Ridgway* v. *Chase*, 122 Cal.App. 2d 840, 849 [265 P.2d 603].) In the Ablett case, the court points out that "an option agreement which leaves an essential term to future agreement is not enforceable." The court may not imply or speculate upon what the parties will agree. (*Vangel* v. *Vangel*, 116 Cal.App.2d 615, 631 [254 P.2d 919] ; *Burgess* v. *Rodom*, 121 Cal.App.2d 71, 73 [262 P.2d 335] ; *Dillingham* v. *Dahlgren*, 52 Cal.App. 322, 330 [198 P. 832].) A statement of the rule and the reason therefor is to be found in 1 Williston, Contracts (1936), section 45, page 131, where the author says: ". . . if an essential element is reserved for the future agreement of both parties, the promise can give rise to no legal obligation until such future agreement. Since either party by the very terms of the promise may refuse to agree on anything to which the other party will agree, it is impossible for the law to affix any obligation to such a promise."

■ Applying these rules, plaintiffs are not entitled to specific performance. In the first place, the instrument on its face is incomplete, uncertain and indefinite as to the amount of the monthly payments, the rate of interest, if any, to be paid, and what security was to be provided. These are all important items in any real estate transaction. These deficiencies in the option defeat plaintiffs' asserted right to specific performance. (*Klein* v. *Markarian, supra*; *Mariposa Commercial & Min. Co.* v. *Peters, supra*; *Buckmaster* v. *Bertram, supra*; *Roberts* v. *Lebrain, supra*; *Burnett* v. *Kullak*, 76 Cal. 535 [18 P. 401].) In this connection it is pointed out, in *Mills* v. *Skaggs, supra* (p. 658), and quoted with approval in *Bruggeman* v. *Sokol, supra* (p. 881), "that an agreement which is incomplete, uncertain or indefinite in its material terms will not be specifically enforced in equity and 'that the degree of certainty required in an equity action is much greater than that required in an action at law.' "

■ Our conclusion is fortified by the express provision in the option which states "monthly payments on the balance due to be agreed upon at the time of the purchase. . . ." The parties thus unmistakably reserved for future agreement the amount of monthly payments to be made on the balance. They never agreed on this item. Hence no specifically enforceable

obligation was created by the option and plaintiffs attempted exercise thereof. (*Ablett* v. *Clauson, supra*; *Ridgway* v. *Chase, supra*; *Gould* v. *Callan, supra*, p. 5.)

In view of our conclusion that the option and the attempted exercise thereof do not create a specifically enforceable contract, it is unnecessary for us to consider other questions raised in the briefs.

The judgment is reversed.

Moore, P. J., and McComb, J., concurred.

Respondents' petition for a hearing by the Supreme Court was denied December 15, 1954.