[Civ. No. 7079. Fourth Dist. June 24, 1963.]

MARIE H. MUELLER, Plaintiff and Respondent, v. CON-
NIE CLARA CHANDLER, Defendant and Appellant.

Connie Clara Chandler, in pro. per., for Defendant and Appellant.

Robert B. Holland for Plaintiff and Respondent.

CONLEY, J.*—The defendant appeals from a decree of specific performance of an alleged agreement to encumber real property. The appellant represents herself and has filed a voluminous brief which urges numerous erroneous contentions and raises inconsequential issues. She argues at length that the trial court should have accepted her evidence with regard to the existence of the indebtedness rather than that of her opponent, forgetting or not knowing that all that an appellate court can do with respect to factual issues where there is conflicting evidence is to determine whether the findings are supported by substantial evidence. The record shows that there is substantial evidence to support the trial court's finding as to the indebtedness.

 Appellant contends that she was improperly denied the right to a trial by jury, but inasmuch as her amended cross-complaint failed to state a cause of action and was eliminated from the case leaving an equity suit only, the defendant had no right to a jury trial.

 Again, appellant says that the trial judge was prejudiced against her, but there was no attempt to disqualify him under sections 170 or 170.6 of the Code of Civil Procedure. She also says she was denied the right to produce witnesses and to introduce evidence, but the record shows that she did in fact call seven witnesses to the stand, including herself. The reporter's transcript indicates that the court was careful to allow leeway to her in eliciting testimony and that

*Assigned by Chairman of Judicial Council.

her motion for a continuance was properly denied by the trial court within the orbit of his discretion. ■ The use of appellant's own deposition to cross-examine her was legitimate, and the record on appeal appears to have been properly prepared.

■ While it is apparent, therefore, that most of the objections made by appellant are without foundation, there is one point which requires the reversal of the judgment, namely, that the writing which constitutes the basis for the decree of specific performance is so uncertain that it does not justify such a remedy. A note was executed by Mrs. Chandler which provides:

"It is agreed that the sum of ($10,000.00) Ten Thousand Dollars included in this note may be recorded against my property at 20342 East Chapman and it is further agreed that I, Connie C. Chandler, or my assignees, will repay this loan of $10,000 ten thousand dollars, from the proceeds of the sale of my property, if and when it is sold prior to the due date of the note, May 27, 1962."

This is wholly insufficient to warrant the trial judge's decree requiring Connie Clara Chandler to execute a specific trust deed. The writing fails to mention the nature of any additional document which is to be executed, whether it is a mortgage or trust deed or what any of the terms of the mortgage or trust deed may be; there is not even a statement that a mortgage or trust deed will be executed, but merely that the note "may be recorded against my property."

■ In 81 Corpus Juris Secundum, Specific Performance, section 31(a), pages 480 to 483, it is said:

"In order to warrant a decree of specific performance thereof, a contract must be definite and certain, and, further, a contract must be free from doubt, and vagueness, as well as from ambiguity, in its essential elements and in all, or at least all its material, terms. Clearness is required. The terms of the contract must be so clear, definite, certain, and precise, and free from obscurity or self-contradiction, that neither party can reasonably misunderstand them, and the court can understand and interpret them, without conjecture and without supplying anything or supplanting vague and indefinite terms by clear and definite ones through forced or strained construction. The terms must be so clear that the court can determine what the contract is and be able to require that the specific thing agreed to be done shall be done. A greater degree of certainty

is required in a suit in equity for specific performance than in an action at law for damages; . . ."

The rule is again enunciated with particular application to a contract for a mortgage in 81 Corpus Juris Secundum, section 31(b), on pages 486-487, as follows:

"A contract for sale, mortgage, or conveyance of real property or interest therein under the authorities must be definite, must be certain, and must be unambiguous in its essential and material terms and provisions before a court of equity will decree its specific performance."

The foregoing general rule is specifically approved and set forth in section 3390, subdivision 5, of the Civil Code, where it is said that among the obligations which cannot be specifically enforced is:

"An agreement, the terms of which are not sufficiently certain to make the precise act which is to be done clearly ascertainable."

The authorities sustaining this position in California are legion. In *Bonk* v. *Boyajian,* 128 Cal.App.2d 153, 155 [274 P.2d 948], it is said:

"Where a party seeks specific performance of a contract, the terms of the contract must be complete and certain in all particulars essential to its enforcement. (*Colorado Corp., Ltd.* v. *Smith,* 121 Cal.App.2d 374, 376 [263 P.2d 79]; *Gould* v. *Callan,* 127 Cal.App.2d 1, 4 [273 P.2d 93]; *Berven* v. *Miller,* 86 Cal.App.2d 39, 40 [194 P.2d 80]; *Federated Income Properties* v. *Hart,* 84 Cal.App.2d 663, 665 [191 P.2d 59]; Civ. Code, § 3390, subd. 6.) An agreement for the sale of real property will not be specifically enforced unless it not only contains all the material terms, but also expresses each in a reasonably definite manner. (*Roberts* v. *Lebrain,* 113 Cal.App.2d 712, 716 [248 P.2d 810]; *Bruggeman* v. *Sokol,* 122 Cal.App.2d 876, 881 [265 P.2d 575]; *Buckmaster* v. *Bertram,* 186 Cal. 673, 676 [200 P. 610].) These principles have been applied in denying specific performance of agreements which are incomplete, indefinite or uncertain with respect to the terms of payment of deferred balances or the terms of incumbrances representing such deferred balance (*Mills* v. *Skaggs,* 64 Cal.App.2d 656, 658-659 [149 P.2d 204]; *Mariposa Commercial & Min. Co.* v. *Peters,* 215 Cal. 134, 140 [8 P.2d 849]; *Buckmaster* v. *Bertram, supra.*) 'Uncertainty, as to the terms and conditions of deferred payments is fatal to a claim for specific performance.' (*Gould* v. *Callan, supra; Klein* v. *Markarian,* 175 Cal. 37, 40 [165 P. 3].)"

"California Land Security and Development" of California Continuing Education of the Bar, under the heading "Specific Performance of a Contract to Give Security" on pages 82-83, stresses the fact that the contract to give a mortgage must be definite and certain in the following language:

"Where the agreement is sufficiently certain as to subject matter, purpose, parties, consideration, and place and time of performance (where these are essential) the lender may seek and obtain specific performance. The contract must be definite and certain as to the amount for which the mortgage is to be given, the rate of interest, and the terms of the security instrument, and must either describe the property or give information from which the description can be made certain by extrinsic evidence. It is, of course, a practical question whether a lender should force an unwilling borrower to execute an instrument which contemplates a long-term relationship, but if for some reason it appears desirable, a suit for specific performance lies. See generally *Burnett* v. *Kullak* (1888) 76 Cal. 535 [18 P. 401]; *Magee* v. *McManus* (1886) 70 Cal. 553 [12 P. 451]; *Beal* v. *United Properties Co.* (1920) 46 Cal.App. 287 [189 P. 346]."

In the relatively early case of *Buckmaster* v. *Bertram,* 186 Cal. 673, 676 [200 P. 610], the Supreme Court says:

"On its face the agreement is too uncertain to be enforceable by way of specific performance. 'It is elementary that specific performance will not be enforced unless the contract not only contains all the material terms, but also expresses each in a sufficiently definite manner. In Pomeroy on Contracts (section 159) it is said: "An uncertain contract . . . may perhaps embrace, in a partial manner, all the material terms, but on account of the inexact, indefinite, or obscure language in which one or more of them is stated, it fails to express the intent of the parties with sufficient clearness to enable a court of equity to enforce its provisions. The specific performance of an agreement, thus uncertain, will not be decreed." As said in 26 American and English Encyclopedia of Law (second edition, page 33) : "The contract sought to be enforced must, at all events, be so certain that its meaning can be ascertained, as an indefinite contract cannot be enforced, because the courts do not know what the parties agreed. The meaning and intent of the parties should be placed beyond the bounds of mere conjecture by full and clear proof." ' (*Reymond* v. *Laboudigue,* 148 Cal. 691, 694 [84 P. 189, 190].)"

(See also *Chandler* v. *Hollingsworth,* 96 Cal.App. 472, 475-

476 [274 P. 581] ; *Dickey* v. *Pattison,* 92 Cal.App.2d 659, 662 [207 P.2d 1081] ; *Wood* v. *Anderson,* 199 Cal. 440, 444 [249 P. 862] ; *Laugharn* v. *Bryant,* 5 Cal.App.2d 721 [43 P.2d 312] ; *Schellenbach* v. *Lagasse,* 202 Cal. 665 [262 P. 304] ; *Hunter* v. *Superior Court,* 36 Cal.App.2d 100, 111 [97 P.2d 492] ; *Long Beach Drug Co.* v. *United Drug Co.,* 13 Cal.2d 158, 164 [88 P.2d 698, 89 P.2d 386] ; *Marsh* v. *Lott,* 8 Cal.App. 384, 393 [97 P. 163] ; *Store Properties, Inc.* v. *Neal,* 72 Cal.App.2d 112, 116 [164 P.2d 38] ; *Rittigstein* v. *Dignan,* 122 Cal.App. 357 [9 P.2d 856] ; *Boulenger* v. *Morison,* 88 Cal.App. 664, 670 [264 P. 256] ; *Patch* v. *Anderson,* 66 Cal.App.2d 63 [151 P.2d 644] ; *Brudvig* v. *Renner,* 172 Cal.App.2d 522 [342 P.2d 276] ; *Corona Unified School Dist. of Riverside County* v. *Vejar,* 165 Cal.App.2d 561 [332 P.2d 294] ; 65 A.L.R. 102-109.)

The judgment is reversed.

Griffin, P. J., and Brown (Gerald), J., concurred.